TURNER *vs.* THE GRANGERS' LIFE AND HEALTH INSURANCE COMPANY.

Though a subscription to the stock of an insurance company may have been induced by fraudulent representations, yet the subscriber cannot recover the amount paid, if there are creditors to an equal or larger amount on debts contracted after his subscription. As to such debts, the funds of the corporation, including his subscription, are held in trust for their payment.

Corporations. Trust. Debtor and creditor. Before Judge UNDERWOOD. Floyd Superior Court. March Term, 1880.

Reported in the opinion.

HARVEY & HAMILTON, for plaintiff in error.

C. ROWELL, for defendant.

HAWKINS, Justice.

On the thirteenth day of December, 1877, Turner sued out an attachment against the defendant, returnable to Floyd superior court, and which was executed by service of garnishment, for the sum of two hundred and fifty dollars.

To this action the defendant, a foreign corporation doing business in this state, filed several pleas, and after the charge of the court hereinafter alluded to, the jury found a verdict for the corporation against the plaintiff. A motion for a new trial being made and refused, this writ of error seeks the review and reversal of the court below for so refusing the new trial.

It seems that the corporation was organized by the laws of Alabama, in 1874, and was doing business there and here, when, on the tenth day of August, Turner subscribed for two thousand five hundred dollars of the stock of said company—being twenty-five shares of one hundred dollars each. He was induced to subscribe for said stock by the statements of said company, who told him that one hundred thousand dollars had been subscribed and paid in cash at the home office at Mobile, Alabama. The agents were England & Covey, who also exhibited a pamphlet of the company to prove it had been paid in. They also represented that the loans and assets of the Georgia department were to be kept in Rome, in the Georgia department.

It will be seen that by its provisions the corporation was endowed with power to establish branch departments, and in pursuance thereof did establish several, one in the state of Georgia, in August, 1875, and plaintiff was a trustee, under the constitution, and was insured in said company, as required by its laws.

It was also alleged that the stock of said company was worthless at the time suit was brought—had before trial made an assignment of all of its assets and property—that at the time plaintiff subscribed one hundred thousand dollars had not been paid in in cash at the home office in Mobile, and that only the sum of eight thousand eight hundred and fifty dollars had been paid in by the stockholders of the home company in cash.

Plaintiff demurred to the pleas filed by the defendant, the corporation, which demurrer was overruled by the court, and the decision of the court upon the demurrer, and the charge in reference to the pleas must control this case, and make it unnecessary to allude to the voluminous evidence had on the trial.

The pleas were in substance, that after plaintiff's subscription and before suit brought, the company made contracts and incurred liabilities to and with other parties by issuing policies, and in other ways, to the amount of twenty-five thousand dollars, which sums are now due and owing, and appended a list of such creditors; but which cannot be paid if the plaintiff and others recover the sums paid by them on their subscriptions to the stock of the company.

On the trial, it appeared that there were debts of a larger amount than the one sued for, contracted after the subscription by the plaintiff, and the court charged the jury, that if they found from the evidence that the plaintiff is a shareholder, and paid two hundred and fifty dollars and ten per cent., he cannot, in this action, recover it back from the company, if there appear, from the evidence

*bona fide* creditors of the company unpaid, to an amount equal to the claim sued for in this action.

Upon which the jury found a verdict for the defendant and a motion for new trial being overruled, Turner brings the case here.

The evidence was abundant that the company owed a debt after the subscription greater than the one sued for, and if the rule of law submitted by the court be correct, that ends the case.

We think as to all debts made by the corporation after the subscription, Turner was concluded, whether his subscription was induced by fraud or not, for as to such the funds of the corporation, including his subscription, were trust funds to pay the debts.

We do not say but in a proper case the plaintiff could assert the fraudulent representations to avoid his subscription; but we decide that, as to subsequent creditors, in this attachment proceeding, he cannot defend against the corporation as to creditors becoming such after his subscription. So we think the court did not err in refusing the new trial.

Judgment affirmed.