6524. Midland City Hotel Co. *v.* Palace Market Co.

Wade, J. 1. Although a subscriber to a proposed corporation has no actual knowledge of material alterations in the charter, when, after the lapse of a considerable time from the granting of the charter, he pays an assessment on his subscription and accepts a stock-certificate, it will be presumed, as a matter of law, from the fact of such payment, that he acquiesced in or assented to the changes made in the charter; and this knowledge may be conclusively imputed to him from the failure of the subscriber to exercise due diligence in ascertaining the facts as to such changes; and where, subsequently to his subscription, debts are incurred by the corporation, equal to or greater than the amount of the subscription, and these debts are unpaid, a recovery may be had for the unpaid balance of the subscription. And this is true regardless of whether the corporation be solvent or insolvent. The payment of an installment after the alterations in the plans of the corporation implies assent and ratification by the subscriber, and differentiates this case from the cases of *Midland City Hotel Co.* v. *Gibson*, 11 *Ga. App.* 829, and *Midland City Hotel Co.* v. *Alexander*, 14 *Ga. App.* 8.

2. The judge of the city court (passing upon the agreed facts without the intervention of a jury) therefore erred in rendering judgment for the defendant. See *Hamilton* v. *Grangers' Life Insurance Co.*, 67 *Ga.* 145; *Turner* v. *Grangers' Life Insurance Co.*, 65 *Ga.* 649 (38 Am. R. 801); *Southern Tobacco Co.* v. *Armstrong*, 11 *Ga. App.* 501, 507 (75 S. E. 828); *Gress* v. *Knight*, 135 *Ga.* 60 (68 S. E. 834, 31 L. R. A. (N. S.) 900). *Judgment reversed.*
Decided March 4, 1916.

Complaint; from city court of Macon—Judge Hodges. March 2, 1915.

*Hardeman, Jones, Park & Johnston,* for plaintiff.
*Ryals & Anderson,* for defendant.