## No. 9207.

## VAN GILDER v. EAGLESON.

1. CORPORATIONS—*Stock Subscription Induced by Fraud—Right of Creditors.* The equity of the creditors of an insolvent corporation is superior to those of persons who previously became stockholders, even though the subscription was obtained by fraud.

2. FRAUD—*Laches.* One who claims to have been defrauded in a contract must act promptly after discovery of the fraud.

3. EVIDENCE—*Presumptions.* Where one who by fraudulent misrepresentations had been induced to subscribe for stock in a corporation delayed two years after discovery of the fraud, in seeking relief, it will be presumed that during this delay credit was given to the corporation, by innocent persons.

*Error to Denver District Court, Hon. John T. Shumate, Judge.*

*Department One.*

Mr. D. J. DAVIES, Mr. PERCY S. MORRIS, for plaintiffs in error.

Mr. JOHN R. SMITH, Mr. H. B. WOODS, for defendant in error.

Opinion by Mr. Justice Teller.

DEFENDANT in error had judgment in an action to rescind a contract with plaintiff in error The German American Indemnity Company on the ground of fraud.

The complaint, as amended, sets up a contract of employment of the plaintiff to sell stock for the company, with a provision that it might be cancelled at the end of sixty days, in which case fifteen hundred dollars, paid on a subscription for five hundred shares, and two notes of $750, each, paid for five hundred additional shares, were to be returned to him. It was further alleged that the contract was obtained by fraud, and that the prescribed notice had been given, but neither money nor notes had been returned.

The receiver filed an answer and cross-complaint setting up, among other things, that there were claims against with interest from the date of said notice, the return of the promissory notes, and the annulment of the contract.

The receiver filed an answer and cross-complaint against the company exceeding the amount agreed to be paid by plaintiff for his stock, which claims were obligations of the company incurred subsequent to plaintiff's subscription to the stock. In the cross-complaint demand was made for judgment on the two notes.

In the answer to the cross-complaint it was alleged that the stock subscription was obtained by false representation.

Plaintiff had judgment for $1,500 and the surrender of his said notes.

On the trial the receiver offered evidence that debts in excess of $3,000 had been incurred by the company after plaintiff subscribed for the stock, and that said debts were still unpaid. This evidence was rejected.

The refusal of the court to admit this evidence is assigned as error, as is also the courts' refusal to hold that plaintiff could not rescind his contract for the purchase of stock as against the receiver representing said creditors, the corporation being insolvent.

If the last assignment is good, the first one is necessarily so.

The rule upon which counsel rely to show error is that a subscription to the capital stock of a corporation is, equally with money paid in on such subscription, a fund to which creditors may look for payment; and that, when the company is insolvent, the equities of creditors, who became such after a subscription was made, are superior to the rights of the subscriber, although he was induced by fraud to make the subscription.

This is the settled doctrine of the federal courts, and is supported by the great weight of authority in state courts. *Sanger v. Upton*, 91 U. S. 56, 23 L. Ed. 220; *Ogilvie v. Knox Ins. Co.*, 22 How. 380, 16 L. Ed. 349; *Chubb v. Upton*, 95 U. S. 665, 24 L. Ed. 523; Morawetz on Corps, sec. 108; *Mehohn v. Carlson*, 17 Idaho, 742, 107 Pac. 755, 134 Am. St. Rep. 286; Jones on Insolvent and Failing Corps, sec. 399; 10 Cyc. 441; *Clarke v. Thomas*, 34 Ohio St. 46; *Turner v. Grangers' Ins. Co.*, 65 Ga. 649, 38 Am. Rep. 801; *Bissel v. Heath*, 98 Mich. 472, 57 N. W. 585; *Scott v. Deweese*, 181 U. S. 202, 21 Sup. Ct. 585, 45 L. Ed. 822. It is the universal rule in the English courts. *Tierney v. Parker*, 58 N. J. Eq. 117, 44 Atl. 151.

The basis of the doctrine is announced in *C. F. & I. Co. v. Smelting Co.*, 13 Colo. App. 474, 59 Pac. 222, where it is said:

"The stocks of corporations, and particularly unpaid subscriptions, are a trust fund, sub *modo,* for the benefit of general creditors."

Plaintiff, having subscribed for stock and made payment on his subscription, was a stockholder, and it is immaterial whether or not he received the evidence of his interest

in the company by way of stock certificate. If he has any equities as against the company, they are inferior to the rights of the creditors who became such after April 12, 1912, the date of the stock subscription.

The offered evidence as to creditors was, therefore, competent, and its rejection was error.

It is further urged that the plaintiff is guilty of laches, by reason of which he has no right of action.

He testified that his suspicions became aroused during May, 1912, but he took no action toward rescinding the subscription contract until May, 1914, when he began this suit. It will be presumed that in the said two years credit was given the company, even if there be no evidence of the fact, and in such case it is too late for him to assert a right to rescind. 10 Cyc. 442.

The rule is elementary that one claiming fraud in a contract must act promptly after he discovers the fraud, and he cannot delay action and speculate as to the outcome of the transaction, and repudiate it if it finally proves unprofitable.

The assignment of error on the ground that plaintiff was guilty of laches is good, and for that reason also the judgment cannot stand.

The judgment is accordingly reversed and the cause remanded with directions to enter judgment for the defendant as to the $1,500 demand, and for the amount of the two notes and interest as prayed in the cross-complaint.

Chief Justice Garrigues and Mr. Justice Burke concur.