**In the Matter of Robert E. STRAUGH, Debtor.**

**Bankruptcy No. 80–2143.
Motion No. 84–811.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 15, 1984.

**758**

Joseph E. Fieschko, Jr., Pittsburgh, Pa., for debtor.

Lawrence N. Ravick, Pittsburgh, Pa., Trustee.

Mary Bower, Apple & Apple, Pittsburgh, Pa., John M. Studeny, Warman & Crone, Pittsburgh, Pa., Robert O. Lampl, Pittsburgh, Pa., David Salzman, Pittsburgh, Pa., for creditor.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is Debtor's Petition to Convert from a Chapter 7 to Chapter 13. Based upon the following, the Court is satisfied that the Chapter 13 plan was not proposed in good faith. Accordingly, the petition to convert is denied.

On December 30, 1980, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Statement of Financial Affairs and Schedules filed in connection therewith reveal the following. During the years of 1973 through 1979, Debtor was the president of a business known as Butler Auto Recon Center, Inc. located at 450 Rochester Road, Pittsburgh, Pennsylvania. For the years 1978, 1979, and 1980, Debtor listed his income as $11,250, $3,200, and $00 respectively.

In 1979 Sylvan Development Corporation commenced an ejection action against Debtor in the Court of Common Pleas of Allegheny County, Pennsylvania; and later commenced an execution action against Debtor. On June 24, 1980, judgment was entered at GD 79–2905 in favor of Sylvan Development Corporation and against Butler Auto Recon Center, Inc., Robert E. Straugh, president of Butler Auto Recon Center, Inc., and B.J.S., Inc. In February 1981 Butler Auto Recon, Inc. transferred to Sylvan Development the sum of $15,000 as a result of a settlement entered into between the parties pursuant to the aforementioned judgment.

Immediately prior thereto, Debtor conveyed property located at 681 Broadway Drive, Wexford, PA 15090 to his wife, Betty J. Straugh. As stated in Debtor's schedules: "The said conveyance was pursuant to a marital property settlement agreement. In consideration of this conveyance, my wife agreed to forebear to sue me for support, alimony, or alimony pendente lite as well as relinquishing any further rights to marital property."

On Schedule A–3, creditors having unsecured claims without priority, Debtor lists the firm of Apple and Bernstein, Pittsburgh, Pa. in connection with fees in the amount of $17,500. for legal services rendered.

Schedule B–2 indicates that Debtor owns 50 shares of stock of Butler Auto Recon Center, Inc. and 100 shares of B.J.S., Inc. Debtor has listed the fair market value of the aforementioned stock as zero.

On May 7, 1981 an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against Butler Auto Recon Center, Inc. at Bankruptcy No. 81–2180; and an order for relief was entered. Thereafter the Trustee filed an adversary proceeding at Adv. No. 82–1367 for recovery of a preferential transfer wherein it sought the return of the $15,000 payment made to Sylvan Development Corporation by Butler Auto Recon Center, Inc. The matter is presently pending before this Court.

On May 31, 1983 the Trustee in the case at bar filed a complaint against Robert E. Straugh to recover real property transferred in fraud of creditors, wherein it seeks the avoidance of the June 10, 1980 transfer of real estate located at 681 Broadway Drive, Wexford, Pennsylvania by Robert E. Straugh to Betty J. Straugh, his wife. Trustee seeks avoidance of the transfer pursuant to 11 U.S.C. § 548(a) as well as the Pennsylvania Uniform Fraudulent Conveyance Act, 39 P.S. § 354.

After notice and hearing, this Court, by Order of February 22, 1984 ordered that the June 10, 1980 transfer of the aforementioned real estate was void; and that the property was an asset of the bankruptcy estate of Robert E. Straugh. The grantee of said transfer, Betty J. Straugh, was directed to execute a deed for the subject property to Robert E. Straugh in fee within ten days.

Thereafter Debtor filed amended schedules listing Security First Federal Savings and Loan as first mortgagee on the subject property. The market value of the property was listed by Debtor as $65,000; and the amount of Security First Federal's claim was listed as $11,839.00. Marvin Apple was also listed as a judgment creditor in the amount of $8,023.02. Debtor listed unsecured claims without priority in the total amount of $6,440.

On April 20, 1984 Debtor filed a Petition to Convert from Chapter 7 to Chapter 13. Attached thereto as Exhibit A was a proposed Chapter 13 plan, which provided for Debtor's payment of the mortgage to Security First Federal outside of the plan. The plan further called for 100% payment to unsecured creditors over 36 months, and payment to Marvin Apple upon the eventual sale of Debtor's real estate located at 681 Broadway Drive.

At numbered paragraph 4, Debtor's plan states as follows: "creditor Sylvan Development Corporation shall not be paid through the plan because their debt was paid in full prior to the filing of the bankruptcy."

At the hearing on this matter, Debtor testified that since 1979 he has been involved in automobile repossessions as well as private investigations. While Debtor's taxable income for 1983 was approximately $5,000, Debtor earned between $1000 and $1500 during the month of April, 1984, and anticipates similar earnings in future months. However, at the hearing it was agreed by Debtor and his counsel that a monthly payment in the amount of $1,100 would be necessary in order to pay off potential debts of $40,000 over a 36 month period.

After careful consideration of Debtor's testimony the Court is satisfied that the plan proposed by Debtor in an attempt to save his home is not feasible even using Debtor's best estimate of future earnings. Further, the plan makes no provision for Debtor's liability in the event that the $15,000 payment to Sylvan Development Company is deemed a preferential transfer.

Based upon the foregoing, the Court is convinced that Debtor's proposed Chapter 13 plan is not feasible, nor was it proposed in good faith. Accordingly, Debtor's Petition to Convert from Chapter 7 to Chapter 13 is denied.

An appropriate order will be entered.