In re J. Richard **CALDER**, Debtor.

**Bankruptcy No. 86A–03558.**

United States Bankruptcy Court,
D. Utah, C.D.

Nov. 18, 1988.

Daniel Boone, Salt Lake City, Utah, for Debtor.

Roger Segal, Salt Lake City, Chapter 7 Trustee.

Barbara Richman, Salt Lake City, Utah, Chapter 13 Trustee.

ORDER DENYING MOTION TO CONVERT CHAPTER 7 PROCEEDING TO CHAPTER 13 PROCEEDING

JOHN H. ALLEN, Bankruptcy Judge.

This matter is before the Court on the motion of the debtor, pursuant to 11 U.S.C.

§ 706(a), to convert his chapter 7 case to a case under chapter 13.

The Court understands that the debtor, under this section, has a one-time absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case. However, the Court also believes that it has both inherent and statutory authority to protect the integrity of this Court. Under 11 U.S.C. § 105(a) the Court is given the power to take any action or make any determination necessary or appropriate to prevent an abuse of process. For this Court to allow even an appearance of abuse would be a severe obstruction of those policies fundamental to the Code. To prevent such abuse the Court shall assume a strict and critical stance towards any maneuvers or schemes which would have the effect of undermining the integrity of the system.

The debtor in this case is an attorney who practices before this Court principally representing chapter 13 debtors. He has personally been a debtor in three prior cases filed under Chapter 13. These cases were filed in 1981, 1984 and 1986. All three prior cases were subsequently dismissed. The 1984 and 1986 cases were dismissed on the grounds of bad faith filing.

Pursuant to an adversary proceeding filed in the current case an order was signed on September 27, 1988, 93 B.R. 734 and entered on October 5, 1988, denying the debtor a discharge based on 11 U.S.C. § 727(a)(4)(A). The Court found that the debtor, in connection with his chapter 7 case, had knowingly and fraudulently made a false oath which, under this Code Section, precluded a discharge. It was only *after* the denial of discharge that the Motion to Convert to a Chapter 13 Proceeding was filed.

It is important to note that during the years the debtor has been before this Court minimal effort has been made to repay creditors. The creditors listed on the schedules in the 1984 and 1986 chapter 13 cases as well as the current chapter 7 case, except for an insider, are virtually identical. The Court is, therefore, convinced from the record that the rights of creditors are being abused. A balance must be struck between the competing policy of the debtor's opportunity to repay and the disadvantage of delay accruing to creditors constantly held at bay. The Legislative History indicates that Congress emphasized the policy that a debtor should always have the opportunity to repay his debts and believed that this policy would be contravened by a bar to permissive conversion. S.Rep. No. 989, 95th Cong.,2d Sess. 94, reprinted in 1978 U.S. Code Cong. & Admin.News p. 5787, 5880. *See also* H.R. Rep. No. 595, 95th Cong.1st Sess. 380, reprinted in 1978 U.S. Code & Admin.News p. 5963 & 6336.

Because of the unique set of circumstances present in this case, denial of the debtor's motion will insure that congressional intent will be satisfied. The chapter 7 trustee has currently collected approximately $80,000 constituting property of the estate and is in the process of further collection. The estate has the potential financial capacity to satisfy creditors in full.

This restriction on the right to convert will prevent the debtor from further abuse of the system. The Court has serious doubts that the debtor will be motivated to pay creditors if the case were converted. Delay has been the preferred course of action in the past. The Court is mindful of its strict duty to prevent any use of the Code which causes undue delay. *Zurkowsky v. Government Development Bank*, 52 B.R. 1007, 1013 (D.P.R.1985); *In Re Extrusion Corp.*, 68 B.R. 712, 727–728 (N.D.Texas, 1986); *In re McKinney*, 84 B.R. 748 (Bkrtcy.D.Kan.1987).

Therefore pursuant to the authority of the Court expressed in 11 U.S.C. § 105, in order to prevent the abuse of the bankruptcy process, the Motion to Convert Chapter 7 Proceeding to Chapter 13 Proceeding is denied.