**In the Matter of Virginia Frederick MARTIN, Debtor.**

**Virginia Frederick MARTIN, Appellee,**

v.

**Lehman A. MARTIN, Jr., Appellant.**

**No. 88–3217.**

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1989.

Emile L. Turner, Jr., New Orleans, for appellant.

Raymond C. Burkart, Jr., New Orleans, La., for Virginia F. Martin.

Before THORNBERRY, KING and JONES, Circuit Judges.

KING, Circuit Judge:

The appellant seeks reversal of the district court's order, 87 B.R. 20, which held that the bankruptcy court had erroneously denied the debtor/appellee's motion to convert her case from Chapter 7 to Chapter 13 of the Bankruptcy Code. We affirm.

---

**6.** *Cf. Jeannette,* 832 F.2d at 46; *Brown,* 803 F.2d at 120.

## I.

The debtor/appellee, Virginia F. Martin Giacontiere [1] ("debtor"), filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Code"), 11 U.S.C. §§ 701–66 (1979 & Supp.1989), on December 22, 1986. John T. Pender ("trustee") was appointed interim trustee. A creditors meeting was held on January 22, 1987, at which the appellant, Lehman A. Martin ("Martin"), was present and at which Pender was made permanent trustee. Martin is the debtor's former husband. Although the debtor is divorced, she and Martin have not entered into a final property settlement dividing the former community estate.

The bankruptcy court entered an order discharging the debtor on March 24, 1987, pursuant to section 727 of the Code. A notice of discharge was mailed on April 8, 1987. On April 9, 1987, Martin made a written offer to the trustee to purchase the bankruptcy estate's interest in formerly community-owned real and personal property. In consideration for the property, Martin offered to assume the mortgages on the real properties involved, to assume the tax liabilities listed on the debtor's Chapter 7 schedules, to disclaim his interest in United States Savings Bonds and a Chevrolet which were listed among the debtor's assets on her Chapter 7 schedule, and to withdraw his proof of claim in the amount of $55,878.42 for reimbursement for his payment of community debts.

On June 24, 1987, the trustee filed an application for authority to enter into a private sale, seeking to consummate the transaction proposed by Martin. The bankruptcy court set July 20, 1987, as the date for a hearing on the motion for the sale. On July 10, the debtor filed a motion for a continuance of the hearing along with an application to convert her Chapter 7 case to one under Chapter 13 of the Code. With the latter motion, the debtor filed a proposed Chapter 13 plan, reflecting an intention to pay 100% of her debts. The bankruptcy court continued the hearing on the trustee's sale.

Martin objected to the proposed conversion, and the bankruptcy court denied the motion to convert on August 20, 1987. In the same order, the bankruptcy court continued the hearing on the trustee's motion to enter into a private sale until October 1. The debtor immediately appealed the order denying her conversion. After the hearing on October 1, the court granted the trustee's motion to enter into a private sale. The debtor also appealed that order. Our disposition of this appeal moots the debtor's appeal of the bankruptcy court's order granting the trustee's private sale motion.

On appeal, the district court held that the denial of the debtor's motion to convert was invalid. It held that a debtor's right to convert from Chapter 7 to Chapter 13 was unrestricted by the Code and that the fact that the debtor had been discharged from her debts under Chapter 7 prior to her motion to convert was of no consequence. Because the court found that the bankruptcy court had erroneously denied the conversion, it did not reach the issue of whether the grant of the trustee's motion for sale was error.

## II.

The issue presented for review is a question of law: Did the bankruptcy court properly deny the debtor's first motion to convert from Chapter 7 to Chapter 13 under section 706 of the Code? We subject the district court's holding, as we do all questions of law, to de novo review.

The Code is unequivocal in its statement of the right to convert:

The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1307, or 1208 of this title. Any

---

**1.** The debtor has remarried and changed her name since she filed her original Chapter 7 petition. Therefore, her name appears on that petition and subsequent filings connected with this case as Virginia F. Martin.

waiver of the right to convert a case under this subsection is unenforceable. 11 U.S.C. § 706(a). Further, the legislative history of this section makes clear that Congress intended to encourage such conversions and to give the debtor an absolute one-time right to convert:

> Subsection (a) of this section gives the debtor one absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case. If the case has already once been converted from chapter 11 or 13 to chapter 7, then the debtor does not have that right. The policy of the provision is that the debtor should always be given the opportunity to repay his debts.

S.Rep. No. 989, 95th Cong., 2d Sess. 380, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5880; H.R.Rep. No. 595, 95th Cong. 2d Sess. 94, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6336. Congressional intent to encourage the debtor to seek relief under Chapter 13 rather than Chapter 7 is also clear: "The premises of the bill with respect to consumer bankruptcy are that use of the bankruptcy law should be a last resort; that if it is used, debtors should attempt repayment under chapter 13...." H.R.Rep. No. 595, 95th Cong. 2d Sess. 118, *reprinted in* 1978 U.S. Code Cong. & Admin.News 5963, 6080. Further, the legislative history contains no contrary language indicating that Congress sought to restrict a debtor's right to convert or to discourage conversion.

The courts have also broadly construed the right of a debtor to convert and have held that the court does not have the discretion to block the conversion.[2] *See In re Kleber,* 81 B.R. 726, 727 (Bankr.N.D.Ga. 1987) (court has no discretion to determine whether debtor should be allowed to convert from Chapter 7 to Chapter 11 for the first time even if the conversion is sought to block efforts of the Chapter 7 trustee to bring adversary proceedings against the debtor); *In re Easley,* 72 B.R. 948, 951 (Bankr.M.D.Tenn.1987) (Chapter 7 debtor must be allowed to convert if she has not previously converted from another Chapter even after judgment of nondischargeability in a Chapter 7 case); *In re Caldwell,* 67 B.R. 296, 300–01 (Bankr.E.D.Tenn. 1986) (same); *In re Street,* 55 B.R. 763, 765 (Bankr. 9th Cir.1985) (same); *In re Jennings,* 31 B.R. 378, 380 (Bankr.S.D.Ohio 1983) (same).

Thus, the cases also support our conclusion that a debtor's right to convert under section 706(a) is, as indicated by the statute and its legislative history, an absolute one. The courts refuse to interfere with that right in the absence of extreme circumstances. *Calder,* 93 B.R. at 940. Because Martin does not allege facts which if true would provide an adequate ground to deny the debtor's motion to convert, we agree with the district court's conclusion that the bankruptcy court erred in denying the conversion.

We note that, depending on future developments, the fact that the debtor had previously obtained a discharge may raise a question as to what effect a motion to convert has on a previously-granted discharge. The statute itself, as we have noted above, speaks in absolute terms. An exhaustive review of the legislative history reveals nothing which would indicate that a post-discharge motion to convert should be treated differently from any other. Nothing in the cases serves to change this conclusion. Therefore, because the statute provides that the debtor has the right to convert "at any time" and because the parties to this appeal have not posed or briefed

---

**2.** There are, however, some cases which block the conversion, but only in extreme circumstances, *see In re Calder,* 93 B.R. 739, 740 (Bankr.D.Utah 1988) (debtor was a practicing bankruptcy attorney who had filed three Chapter 13 petitions in past seven years, two of which were dismissed on ground of bad faith filing; debtor had also made "minimal effort" during those seven years to repay creditors), or bad faith and an unfeasible plan, *see In re Straugh,* 41 B.R. 757, 759 (Bankr.W.D.Penn. 1984) (debtor's plan not feasible even using his best estimate of future income; plan also bad faith because it failed to provide for payment of possibly preferential transfer).

the question of what happens to the discharge, we hold simply that the denial of the conversion was improper. We do not reach the question of what happens to the discharge or the underlying debt when the motion to convert is granted after the discharge.

## III.

 Martin argues that the Chapter 13 plan proposed by the debtor was not filed in good faith and that it therefore cannot be confirmed, 11 U.S.C. § 1325(a)(3).[3] That question was not addressed by either the bankruptcy court or the distict court and is not properly before us.

## IV.

For the foregoing reasons, we AFFIRM the district court's order reversing the bankruptcy court's denial of the debtor's motion to convert.

JONES, Circuit Judge, concurring:

I cannot disagree with the resolution of this case by my able colleagues and therefore concur, but I must observe that this case has consumed federal judicial resources far disproportionate to its significance. This is a domestic relations dispute masquerading as a bankruptcy case. Only two parties—the former spouses—have participated in the bankruptcy proceedings. It was alleged that the "creditors" are being paid off *sub rosa* by the ex-husband. All of the bankruptcy court maneuverings have transpired before any property settlement was reached between the ex-spouses in state court. Undoubtedly, the Bankruptcy Code as written permits this type of forum-shopping, but it also provides a safety valve for the federal courts in the form of abstention, 11 U.S.C. § 105, or lifting of the automatic stay to permit property disputes to proceed initially in the state courts. Not all divorce proceedings transpose into an inappropriate bankruptcy case. Where the dispute involves only the warring spouses, however, and centers around the division of their property, bankruptcy courts should keenly assess the possibility of deferring to state domestic relations court jurisdiction.

---

3. 11 U.S.C. § 1325(a)(3) provides:
   (a) Except as provided in subsection (b), the court shall confirm a plan if—. . . .

(3) the plan has been proposed in good faith and not by any means forbidden by law.