**In re Mark TARDIFF, Debtor.**

**Civ. No. 92–0068–B.**

United States District Court,
D. Maine.

July 6, 1992.

Charles Shumway, II, Brunette, Shumway & Ryer, Portland, Me., for debtor.

Charles W. Hodsdon, II, Bangor, Me., for State Court Tort Claimants.

## ORDER AND MEMORANDUM OF OPINION

BRODY, District Judge.

On New Year's Eve (1987–88), Mark Tardiff was involved in an automobile accident. Approximately one month later, he pled guilty to operating a motor vehicle while intoxicated. In April 1988, Tardiff filed a petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701–66. Tardiff's "sole purpose ... was to discharge liabilities arising from" the accident. In September 1988, he was granted a discharge which indicated that:

3. This order does not prohibit filing of a complaint under Section 523(a) ... (9) of the Bankruptcy Code.

*In re Mark T. Tardiff*, Ch. 7 Case No. 88–10174 (Bankr.D.Me. Sep. 16, 1988) (Discharge of Debtor).

In April 1990, five individuals allegedly injured in the New Year's Eve accident sued Tardiff in state court. Tardiff filed a motion to dismiss, contending that his liability had been discharged. Tardiff's motion to dismiss was denied in August 1990, after a state judge determined that his liability for the accident was nondischargeable.

Tardiff returned to bankruptcy court, seeking to have his 1988 discharge revoked and his case converted to Chapter 13. Tardiff's filings in bankruptcy court all conceded that under section 523(a)(9), debts for death or personal injury caused by a debtor operating a motor vehicle while legally intoxicated were nondischargeable. Tardiff alleged, however, that any debts that might have arisen from the New Year's Eve accident were dischargeable under Chapter 13 as in effect in 1988.

The bankruptcy court granted Tardiff's motion to reopen the case on January 3, 1992. After hearing oral argument, the bankruptcy court denied Tardiff's motion for revocation and conversion on March 3, 1992. The bankruptcy court abstracted and responded to Tardiff's principal argument as follows:

Pointing to § 706(a), he argues that, because a debtor has the "absolute right" to convert his Chapter 7 case to Chapter 13 "at any time," it necessarily follows that an earlier-entered discharge can be dispensed with upon request. The law is to the contrary.

*In re Mark T. Tardiff*, 137 B.R. 83, 85 (Bankr.D.Me.1992). Relying on cases decided by other bankruptcy courts—no court in our circuit has faced this issue—the bankruptcy court rejected Tardiff's argument.

Although Tardiff neglected to cite the strongest authority available for his position to either the bankruptcy court or this court, his argument is not entirely novel or

**500**

unsupported. The Fifth Circuit has held that a debtor may convert his or her case from Chapter 7 to Chapter 13 even after a discharge has been granted. *In re Martin,* 880 F.2d 857, 860 (5th Cir.1989). The Fifth Circuit has not indicated, however, what effect conversion will have on the previously granted discharge. *Id.*

Of course, neither the bankruptcy court nor this court is bound by a decision of a court of appeals for another circuit. The only appellate decision on point, however, does conflict directly with the decisions of courts outside this circuit upon which the bankruptcy court relied. The bankruptcy court should reconsider its decision in light of the reasoning advanced by the Fifth Circuit, giving their decision as much weight as its intrinsic persuasiveness merits.

If the bankruptcy court does grant Tardiff's request for revocation and conversion, it will have to determine whether Tardiff is able to comply with Chapter 13's requirement that he propose a plan in "good faith" where his "sole purpose" is to discharge a debt he could not avoid under Chapter 7. *See In re Schaitz,* 913 F.2d 452, 454–55 (7th Cir.1990) (noting but not resolving the issue).

For the foregoing reasons, the decision of the bankruptcy court is VACATED and REMANDED.

SO ORDERED.