OPINION
PHILLIPS, Circuit Judge:
Vernon Lee Finney appeals a district court order affirming the denial of his motion to convert his Chapter 7 bankruptcy case to Chapter 11. We affirm, with some modification of the district court’s order remanding to the bankruptcy court.
*44 I
Finney filed his Chapter 7 petition in January 1991. Alexander P. Smith was appointed Trustee. Finney was uncooperative during the Chapter 7 proceedings. For example, court orders were required to ensure his compliance with certain of the Trustee’s requests. J.A. 5-6 (docket entry nos. 12, 20). Finney also made undisclosed post-petition transfers of real estate with what the bankruptcy court found to be the “intent to hinder, delay and defraud his creditors.” J.A. 84.
After the Trustee successfully recovered the transferred properties, Finney moved to dismiss his case. The bankruptcy court denied the motion, J.A. 73, and granted a creditor’s complaint to deny Finney’s discharge due to the bad-faith transfers. J.A. 83. Fin-ney then sought to convert his case to Chapter 11 under 11 U.S.C.A. § 706(a) (1979 & Supp.1992). The bankruptcy court denied that motion as well, “on equitable grounds” and “for good cause shown.” J.A. 91. A hearing was held on each of these motions. J.A. 5-7 (docket entry no. 13, docket entry 10/17/91); J.A. 83.
Finney appealed the denial of his § 706(a) motion, and challenged the finding that he had made the real estate transfers in bad faith. The district court found no clear error in the latter finding. Finney v. Smith, 141 B.R. 94,100 (Bankr.E.D.Va.1992). The court also held as a matter of law that a bankruptcy court may, in its discretion, deny a § 706(a) motion upon finding that immediate reconversion from Chapter 11 to Chapter 7 is appropriate under 11 U.S.C. § 1112(b), as that section was applied in Carolin Corp. v. Miller, 886 F.2d 693, 700-701 (4th Cir.1989). The court then remanded for additional fact-finding to determine whether circumstances justified such reconversion under Carolin. 141 B.R. at 103-104. This appeal followed.
II
Finney charges error solely in the district court’s conclusion of law, which we review due novo. In re Green, 934 F.2d 568, 570 (4th Cir.1991).
The Bankruptcy Code allows a debtor to convert from Chapter 7 to Chapter 11, 12, or 13 at any time, provided the case has not been converted previously to Chapter 7. 11 U.S.C. § 706(a). “Any waiver of the right to convert a case under this subsection is unenforceable.” Id.
The Code also provides that “on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a [Chapter 11] case ... to a [Chapter 7] case ... or may dismiss a [Chapter 11] case, whichever is in the best interest of creditors and the estate, for cause_” 11 U.S.C. § 1112(b). Finally, 11 U.S.C. § 105(a) provides that
[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate ' to enforce or implement court orders or rules, or to prevent an abuse of process.
The district court inferred that the bankruptcy court relied upon its § 105(a) equitable powers in denying Finney’s motion to convert his case, due to his misconduct during the Chapter 7 proceedings. The district court also recognized, however, that this circuit requires cautious exercise of § 105(a) authority. Official Comm. of Equity Sec. Holders v. Mabey, 832 F.2d 299, 302 (4th Cir.1987), cert. denied, 485 U.S. 962, 108 S.Ct. 1228, 99 L.Ed.2d 428 (1988). Moreover, Congress intended § 706(a) to confer “the one-time absolute right” to convert from liquidation to reorganization, because “the debtor should always be given the opportunity to repay his debts.” S.Rep. No. 989, 95th Cong., 2d Sess. 94 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5880; H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6336. Most courts have fulfilled that intention, regardless of a debtor’s recalcitrance or fraud. E.g., In re Kleber, 81 B.R. 726, 727 (Bankr.N.D.Ga.1987); In re Jennings, 31 B.R. 378, 380 (Bankr.S.D.Ohio 1983); but see In re Colder, 93 B.R. 739, 740 (Bankr.D.Utah 1988) *45 (§ 706(a) motion denied due to attorney-debtor’s misconduct in those proceedings as well as three prior Chapter 13 filings).
Adopting the majority approach, the district court concluded that subjective bad faith, standing alone, is insufficient to abrogate the unqualified § 706(a) right of conversion. 141 B;R. at 98. We express no opinion on what circumstances, if any, would justify invocation of § 105(a) to deny a § 706(a) motion outright. We agree with the district court, however, that Finney’s misconduct during the Chapter 7 proceedings was insufficiently “egregious” to warrant such extreme action. 141 B.R. at 98. (distinguishing Calder, 93 B.R. at 740).
After recognizing Finney’s right to convert his case from Chapter 7, however, the district court observed that he had no subsequent right to remain in Chapter 11. To the contrary, § 1112(b) allows a bankruptcy court to dismiss a Chapter 11 petition upon finding that Chapter 11 status was sought in subjective bad faith and that it is objectively futile. Carolin, 886 F.2d at 700-701. The court correctly held the Carolin standard to apply whether the remedy sought is dismissal, as in that case, or reconversion to Chapter 7, as here. 141 B.R. at 99. A bankruptcy, court may act under § 1112(b) on the motion of a party in interest or sua sponte as “necessary or appropriate” under § 105(a). Pleasant Pointe Apartments, Ltd. v. Kentucky Housing Corp., 139 B.R. 828, 831 (Bankr.W.D.Ky.1992); 5 Collier on Bankruptcy § 1112.03[4] (1992).
Reading these statutes in pari materia, the district court reasoned that the bankruptcy court could deny Finney’s § 706(a) motion upon finding a sua sponte § 1112(b) reconversion to be warranted under § 105(a) and Carolin. With respect to whether § 105(a) was properly invoked here, the district court held that since a conversion creates no break in a bankruptcy case, Finney’s prior misconduct was “relevant to the [bankruptcy] court’s sua sponte reconversion.” 141 B.R. at 100.
We agree. Finney’s recalcitrance and fraud during the Chapter 7 proceedings, J.A. 84, and his resort to the § 706(a) motion only after his discharge was denied, are reasonably read as constituting abuse of process sufficient to trigger § 105(a). See Carolin, 886 F.2d at 702 (“[t]he subjective bad faith inquiry is designed to ... determine whether the petitioner’s real motivation is ‘to abuse the reorganization process’ ”) (citations omitted). While Finney’s actions do not justify an equitable override of his “one-time absolute right” to convert the case under § 706(a), they do justify the bankruptcy court’s sua sponte consideration of whether immediate reconversion under § 1112(b) is appropriate.
The district court recognized that § 1112(b) requires notice and hearing before involuntary conversion to Chapter 7, and the consequent risk of a due process violation in denying a § 706(a) motion on the ground that immediate, sua sponte reconversion to Chapter 7 is justified under §§ 105(a) and 1112(b). 141 B.R. at 101. The court noted, however, that 11 U.S.C. § 102(1)(A) requires only “such notice ... and such opportunity for a hearing as is appropriate in the particular circumstances.” Id.
It is uncontested that Finney participated in several noticed hearings in which the issue of his misconduct was of central importance. See J.A. 5-7 (docket entry nos. 13, 20, 24). Thus, the district court correctly found the bankruptcy court to have satisfied the first requirement for § 1112(b) reconversion under Carolin when, after such a hearing, it concluded that Finney had acted in bad faith — that is, with the “intent to hinder, delay and defraud his creditors.” J.A. 84. Finney does not challenge the district court’s determination that this finding was without clear error. 141 B.R. at 100.
The district court noted, however, that the bankruptcy court had made no findings on the question whether Chapter 11 reorganization would be objectively futile in the instant case. Consequently, the court remanded for factfinding on that issue. The court also noted Finney’s relatively simple (and grim) debt-to-asset schedule. 141 B.R. at 101. The court then concluded that, if under those “particular circumstances” the bankruptcy court could determine the objective futility of Finney’s Chapter 11 status based on knowl *46 edge “derived from the earlier proceedings,” no additional hearings would be required. Id. Implicitly, the district court found Fin-ney to have had sufficient opportunity to be heard on the issue.
At this point in the proceedings, of course, Finney has received ample notice that the issue of the objective futility of Chapter 11 status in his case is dispositive to the determination of his § 706(a) motion. We do not believe, however, that this record shows him to have had an adequate opportunity to address that specific question before the bankruptcy court.
Moreover, neither of the cases cited by the district court support the proposition that a bankruptcy court may head off a § 706(a) motion through a sua sponte § 1112(b) reconversion without any hearing on a key underlying issue. Instead, as in the majority of cases, debtors received at least a day’s notice of impending involuntary conversion or reconversion, along with an opportunity to respond (although not necessarily an independent hearing focusing solely on the conversion or reconversion per se). In re Sullivan Cent. Plaza I, Ltd., 935 F.2d 723, 727 (5th Cir.1991); In re Texas Extrusion Corp., 844 F.2d 1142, 1161 (5th Cir.), cert. denied, 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988). Consequently, on remand the bankruptcy court must afford Finney a hearing on the question whether his Chapter 11 reorganization would be objectively futile.*
AFFIRMED AS MODIFIED.

 We agree with the district court that the issue of Trustee Smith's reappointment in Chapter 11 is not ripe for review. Such an appointment is to be made by the United States Trustee at the behest of the bankruptcy court, and not on appeal. 11 U.S.C. § 1104(c); In re Plaza de Diego Shopping Center, Inc., 911 F.2d 820 (1st Cir.1990).