**In re David Hal SULLY, Debtor.**

**Bankruptcy No. 97–6174–6B7.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Jan. 27, 1998.

Robert B. Branson, Orlando, FL, for Debtor.

Lynnea S. Concannon, Orlando, FL, for Marie E. Henkel.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Debtor's, David Hal Sully, Motion to Convert Case to Chapter 13 (Doc. 14), and the Trustee's Objection to Debtor's Motion to Convert (Doc. 17). Appearing before the Court were Robert B. Branson, counsel for the Debtor, David Hal Sully; and Lynnea Concannon, counsel for the Chapter 7 Trustee, Marie Henkel. After reviewing the pleadings, evidence, exhibits, and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The Debtor, David Hal Sully ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 1, 1997. The Debtor was prosecuting a personal injury claim prior to the bankruptcy filing and had employed separate counsel, Neil Pitts, ("Pitts") to file a lawsuit against Joseph C. Kitchel ("Kitchel") in Brevard County Circuit Court, Florida, Case No. 96–17184–CA–X/E (the "personal injury suit").

The Debtor disclosed the personal injury suit in his Statement of Financial Affairs as: "Case # 96–17184–CA, Pending Negligence Action." The Debtor did not disclose the jurisdiction, the parties, his attorney, or the status of his pending negligence action. In completing Schedule B, the Debtor did not list the personal injury suit as a contingent and unliquidated asset, but listed "zero" assets.

Marie Henkel ("Trustee") was appointed Chapter 7 Trustee. The Debtor told the Trustee the name of the personal injury attorney representing the Debtor in the personal injury suit at the Section 341 Meeting of Creditors. The Trustee called Pitts to apprise him of the estate's interest in the matter and was informed the Debtor settled the personal injury suit for $40,000.00. Pitts also represented to the Trustee that the Debtor intended to dismiss his bankruptcy case.

The Debtor filed a Motion to Convert the case to a case under Chapter 13 (Doc. 17) on October 30, 1997. The Debtor also filed a Motion to Dismiss (Doc. 22) his Chapter 7 bankruptcy case. The Motion to Dismiss was withdrawn on the date of the present hearing.

The Trustee filed a Motion for Notice of Compromise and Settlement of Controversy of the personal injury suit (Doc. 16) on November 6, 1997 (the "Compromise"). The Trustee agreed to accept, on behalf of the estate, the $40,000.00 settlement in return for a general release of all claims against Kitchel. The Debtor filed an Objection to the Compromise (Doc. 23) on November 14, 1997. The settlement offer will not satisfy the Debtor's listed unsecured creditors of $149,033.79.

The Debtor's schedules indicates an income of $1,400.00 per month and monthly expenses of $2,115.00. The Statement of Affairs reflects income of $9,800.00 in the first seven months of the year; thereby his current salary substantiates his monthly income figure. In 1995 and 1996, he earned $17,000 and $15,000, respectively. The Debtor has no excess disposable income.

The Debtor is self-employed as an independent contractor and alleges that he now has sufficient income and assets to pay his creditors. The Debtor testified that, if the case is converted to Chapter 13, he intends to use the net proceeds of the $40,000.00 to pay his future medical expenses and propose a plan that will repay his unsecured creditors over a period of 60–months.[1]

The Debtor's motion to convert to a case under Chapter 13 has not been filed in good faith. The Debtor's conduct during the Chapter 7 bankruptcy proceeding indicates inappropriate motives and lacks good faith in seeking eligibility for a Chapter 13 plan. The Debtor's conversion to Chapter 13 is not feasible as the Debtor does not have sufficient income to fund a plan.

## CONCLUSIONS OF LAW

The issue to be determined is whether the Debtor's motion to convert the bankruptcy case from Chapter 7 to Chapter 13 pursuant to 11 U.S.C. § 706(a) was filed in good faith consistent with the requirements of the Bankruptcy Code.

Section 706(a) of the Bankruptcy Code states in relevant part that:

> The debtor may convert a case under this chapter to a case under chapter 13 ... of this title at any time, if the case has not been converted under section 1307 ... of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C. § 706(a).

▪ The legislative history indicates that where a case has not been converted to Chapter 13 from another chapter, this subsection affords the debtor "a one-[time] absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case." H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 94 (1978). "The policy of the provision is that the debtor should always be given the opportunity to repay his debts." *Id.*

▪ The right to convert under § 706(a), despite the statutory language, is not absolute. Bankruptcy courts possess inherent equitable powers to protect the process when the debtor attempts to convert to a reorganization chapter for an improper purpose. *See In re Finney*, 992 F.2d 43 (4th Cir.1993); *Martin v. Martin (In re Martin)*, 880 F.2d 857, 859 (5th Cir.1989); *In re Thornton*, 203 B.R. 648 (Bankr.S.D.Ohio 1996); *In re Spencer*, 137 B.R. 506, 510–14 (Bankr.N.D.Okl.1992); *In re Calder*, 93 B.R. 739, 740 (Bankr.D.Utah 1988). Thus, an attempted conversion from Chapter 7 to Chapter 13 pursuant to § 706(a) is subject to review for lack of good faith, as an attempted abuse of the court's jurisdiction or process.

▪ This case presents an example of an attempted abuse of creditors and the bank-

---

1. The Trustee asserts that in order to meet the liquidity test for a Chapter 13 plan, the Debtor would have to pay $16,000 over five years, or $266.66 per month, plus interest on account for the time value of the funds.

ruptcy system in which the Eleventh Circuit has sought to curtail. *Shell Oil Co. v. Waldron (In re Waldron),* 785 F.2d 936 (11th Cir.1986), *cert. dismissed,* 478 U.S. 1028, 106 S.Ct. 3343, 92 L.Ed.2d 763 (1986). "[W]henever a chapter 13 petition appears to be tainted with a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the debtor's motives." *Id.* at 941.

■ The Eleventh Circuit has established factors the bankruptcy court is to consider in determining a debtor's good faith including the debtor's motivation and sincerity in seeking relief. *Kitchens v. Georgia Railroad Bank & Trust Co. (In re Kitchens),* 702 F.2d 885 (11th Cir.1983).

■ The circumstances surrounding the filing of the Debtor's motion for conversion supports the finding that it is not made in good faith. The Debtor voluntarily initiated a Chapter 7 case, which vested the Debtor's Chapter 7 bankruptcy estate in the Trustee. 11 U.S.C. § 542(a). The bankruptcy Trustee succeeds to all causes of action held by the Debtor at the time of the bankruptcy petition, including claims for personal injury. *Jones v. Harrell,* 858 F.2d 667, 669 (11th Cir.1988); *Miller v. Shallowford Community Hosp. Inc.,* 767 F.2d 1556, 1559 (11th Cir. 1985). Only the Trustee, and not the Debtor, has the authority after the filing to enter into settlement of personal injury claims arising pre-petition. *Jones,* 858 F.2d at 669.

The Debtor had neither the authority nor the power to execute a settlement agreement with Kitchel for pre-petition personal injury claims. The Debtor acted on his own behalf in spite of this expressed restriction. He did not disclose to the Trustee that he negotiated a settlement of his personal injury suit or allow the Trustee to participate in the settlement process. The Debtor contemplated conversion to a Chapter 13 case only after the Trustee independently uncovered the Debtor's unilateral attempted settlement of estate property.

The Debtor intended to obtain the benefits of a Chapter 7 case while covertly managing to settle estate property for his own use. The Debtor maneuvered to retain control of estate assets by converting to a Chapter 13 when the Trustee exposed his secret settlement plans. Conversion to Chapter 13 would effectively displace the Trustee and allow the Debtor to regain control of the settlement proceeds. *In the Matter of Hahn,* 167 B.R. 693 (Bankr.N.D.Ga.1994).

The motion's adverse impact on unsecured creditors is significant. Bankruptcy's purposes to distribute collectively the Debtor's assets in a timely and efficient manner would be frustrated. Conversion would afford the Debtor the use of the settlement funds, and shift the risk to creditors without any feasible likelihood of repayment.

The motion to convert is an abuse of the bankruptcy system and was not filed in good faith. The Debtor's intent in converting the case was not to reorganize, but to frustrate the bankruptcy process and regain control of the estate settlement proceeds. The attendant result would be injury to the Debtor's creditors. The Debtor's clandestine settlement of estate property outside the bankruptcy process and his insufficient disclosures evidences an intent to use the funds for his own purposes, rather than a legitimate desire to repay his unsecured creditors in a Chapter 13 case.

■ Additional factors indicate that the motion to convert to Chapter 13 is not appropriate thus making the Debtor ineligible for relief under Chapter 13 of the Bankruptcy Code. 11 U.S.C. § 706(d) provides that "a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." In order to be eligible for Chapter 13, the Debtor must be able to propose a feasible plan pursuant to 11 U.S.C. § 1325(a)(6). The inability to comply with the feasibility requirement of § 1325(a)(6) is sufficient grounds to deny conversion. *See In re Straugh,* 41 B.R. 757 (Bankr.W.D.Pa.1984); *In re Carson,* 32 B.R. 27 (Bankr.S.D.Fla.1983); *In re Lilley,* 29 B.R. 442 (1st Cir. BAP 1983).

The Debtor would have to pay $266.66 per month, plus interest on account for the time value of the funds in order to meet the feasibility requirement. The Debtor testified that he anticipates to use the net proceeds of

the $40,000.00 settlement to cover his future ongoing medical expenses and repay his creditors in a Chapter 13 case.

■ The record reflects that he does not have any disposable income upon which he can base a Chapter 13 plan. The Debtor's schedules reflect that his income is $1,400.00 per month and he has expenses totaling $2,115.00. There has been no substantial change in the Debtor's earnings or employment since filing his petition. The Debtor's plan of repayment to creditors is not feasible. He is likely to incur substantial future medical expenses, which will diminish most if not all of the net settlement proceeds, and he is financially unable to meet his current living obligations.

The motion to covert this case has not been filed in good faith and a Chapter 13 plan is not feasible. Accordingly, the Debtor's motion to convert pursuant to § 706(a) from Chapter 7 to Chapter 13 is due to be denied. The settlement proceeds are estate property to be administered by the Trustee in accordance with 11 U.S.C. § 726.