In re Donna Rae HAUSWIRTH,
Debtor.

Bankruptcy No. 98–74017.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 28, 1999.

M. Regina Thomas, Atlanta, GA, Chapter 13 Trustee.

Harkins Henry, Attorneys at Law, Marietta, GA.

Wallace De Mayo, P.C., Attorneys at Law, Norcross, GA.

C. David Butler, U.S. Trustee's Office, Atlanta, GA.

## ORDER

MARGARET H. MURPHY,
Bankruptcy Judge.

This matter is before the court on the court's own motion. This case was filed August 18, 1998, as a Chapter 7 case. On December 1, 1998, Debtor's Chapter 7 discharge was issued. On February 2, 1999, Debtor filed a motion to convert this case to a Chapter 13 case and an order granting that motion was entered February 9, 1999.[1] Neither Debtor nor any other party in interest sought to vacate or revoke Debtor's Chapter 7 discharge.

All but one of the courts which have considered the issue have concluded that a debtor cannot obtain two discharges in the same case under two mutually exclusive chapters of the Bankruptcy Code. *See,* *In re Jones,* 111 B.R. 674 (Bankr. E.D.Tenn.1990); *In re Safley,* 132 B.R. 397 (Bankr.E.D.Ark.1991); *In re Tardiff,* 145 B.R. 357 (Bankr.D.Me.1992): *In re Kilker,* 155 B.R. 201 (Bankr.W.D.Ark.1993); *In re Wyciskalla,* 156 B.R. 579 (Bankr.S.D.Ill. 1993); *In re Schwartz,* 178 B.R. 340 (Bankr.E.D.N.Y.1995); *Markovich v. Samson,* 207 B.R. 909 (9th Cir. BAP 1997). *Contra, Martin v. Martin,* 880 F.2d 857 (5th Cir.1989). The case law is somewhat murky, however, regarding whether a debtor has any right to convert a case

---

1. Orders on debtors' requests to convert from Chapter 7 to Chapter 13 are entered administratively without notice or hearing on the motion to convert.

from Chapter 7 to Chapter 13 after a Chapter 7 discharge has been entered. In the case of *Martin v. Martin*, 880 F.2d 857 (5th Cir.1989), the Fifth Circuit Court of Appeals held that a bankruptcy debtor has an absolute right to convert a case from Chapter 7 to Chapter 13.[2] The *Martin* court, however, expressly declined to consider what effect a motion to convert would have upon · a previously-granted Chapter 7 discharge.

The other courts (cited above) which have considered that question have all reached the tacit conclusion that a debtor may not convert from Chapter 7 to Chapter 13 and retain the Chapter 7 discharge. The cases diverge, however, regarding whether the bankruptcy court has the power to revoke or vacate a Chapter 7 discharge. In the case of *In re Caldwell*, 67 B.R. 296 (Bankr.E.D.Tenn.1986), the court concluded without discussion that it could grant the debtor's motion to revoke the discharge. That conclusion appears to have been based upon a determination that the Chapter 7 discharge was "meaningless" as the debtor's only unsecured debts had been held to be nondischargeable.

In the case of *In re Jones*, 111 B.R. 674 (Bankr.E.D.Tenn.1990), the court discussed revocation of the discharge under § 727(d) and vacation of the discharge under Bankruptcy Rule 9024, which incorporates FRCP 60. The court concluded that a discharge could be vacated on motion of a debtor under Bankruptcy Rule 9024 if no creditor objects and if lack of prejudice to other interested parties and the debtor's lack of culpability "weigh strongly in favor of the debtor." *Id.* at 680. The court went on to conclude:

> [T]he provisions of § 706(a) allowing a Chapter 7 debtor to convert to Chapter

13 "at any time" must be limited to those situations where the debtor's Chapter 7 discharge has not been granted or has been revoked upon motion of the debtor under the criteria set forth above. Once the Chapter 7 discharge has been granted, the debtor's personal liability is extinguished, thus rendering conversion to Chapter 13 meaningless except as to those creditors holding non-dischargeable claims. Further, to hold that a debtor has the right to convert to Chapter 13 notwithstanding the grant of a Chapter 7 discharge would have the potential of allowing a debtor to receive a discharge in the same case under two mutually exclusive chapters of the Bankruptcy Code.

*Id.* at 680.

In the case of *In re Lesniak*, 208 B.R. 902 (Bankr.N.D.Ill.1997), the court imposed "a bright-line rule" to prohibit conversions from Chapter 7 to Chapter 13 if the request is made after the Chapter 7 discharge is entered. The court concluded that conversion after entry of the Chapter 7 discharge would constitute an abuse of the bankruptcy process:

> The phrase "at any time" [in § 706(a)] succumbs to good old Section 105. Here, an Order denying conversion would prevent an abuse of process.

While the facts of that case would have supported a conclusion that the debtors' motives for conversion were in bad faith and abusive of the bankruptcy system, the court's "bright-line rule" required no such showing.

In the case of *Markovich v. Samson*, 207 B.R. 909 (9th Cir. BAP 1997), the court affirmed the bankruptcy court's denial of Debtor's motion to convert to a Chapter 13

---

2. The *Martin* court appears to be the only court to conclude that a debtor has an unqualified, absolute right to convert. That court based its conclusion upon the words in § 706(a), "The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title *at any time.*" (Emphasis supplied.) Congress demonstrated its ability

to accord debtors a virtually absolute right in § 1307(b), which provides, "On request of the debtor at any time, ... the court *shall* dismiss a case under this chapter." The difference in the language in these two code sections supports a conclusion that they should be interpreted differently.

case after her Chapter 7 discharge had been entered. That affirmance was based upon the conclusion that the debtor lacked standing to vacate a discharge order under § 727(d) and that the bankruptcy court has no inherent equitable power to revoke a discharge outside the statutory framework of § 727(d). Specifically, the court explained that the plain language of § 727(d) provides for revocation of a discharge only on specified grounds and accords standing to seek revocation of a discharge to "the trustee, a creditor, or the United States trustee." Nothing in § 727(d) would allow a debtor to seek revocation of a discharge.

 Under the principles set forth in *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991); and *Jim Walter Homes, Inc. v. Saylors,* 869 F.2d 1434 (11th Cir.1989), a debtor may file a Chapter 7 case and obtain a Chapter 7 discharge and then file a Chapter 13 case and obtain a Chapter 13 so-called "super" discharge. Nothing in the Bankruptcy Code or case law, however, provides a debtor the right to receive two discharges in a single case. The provisions of § 524 and § 727 are inconsistent with receiving both a Chapter 7 discharge and a Chapter 13 discharge in the same case. If Debtor wants the benefit of a Chapter 13 discharge after the administration of a Chapter 7 case, per *Saylors,* she may file a Chapter 13 case. To collapse the two proceedings into one, however, is inimical to the structure of the Bankruptcy Code. Debtor's conversion to Chapter 13 before the Chapter 7 Trustee has completed the administration of the estate but after the discharge order is entered thwarts the proper operation of the Code, as it interrupts the complete administration intended by Congress. Pursuant to Bankruptcy Rule 9024, which incorporates FRCP 60, or, alternatively, pursuant to this court's authority under 11 U.S.C. § 105, the inconsistency of allowing a debtor two discharges in one case may be avoided by vacating a debtor's Chapter 7 discharge. Accordingly, it is hereby

ORDERED that, within 20 days of the date of entry of this order, Debtor may file a motion to reconvert her case to a Chapter 7 case and retain her Chapter 7 discharge. If no such motion is filed within the time allowed, Debtor's Chapter 7 discharge in this case shall stand vacated.

The Clerk is directed to serve a copy of this order upon Debtor, attorney for Debtor, the Chapter 13 Trustee, and all creditors and parties in interest.