**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-60711
Summary Calendar

In the Matter Of:   N. HANEY HUDSON

Debtor.

~~N. HANEY HUDSON,~~

A p p e l l a n t,

versus

H. ALEX SHIELDS, JR.,

Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:98-CV-85-LN

August 3, 1999

Before EMILIO M. GARZA, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant N. Haney Hudson appeals the district court's September 18, 1998 order dismissing his Chapter 11 bankruptcy petition. After a thorough review of the record and briefs, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1989, Defendant-Appellee H. Alex Shields ("Shields") agreed to sell 148 acres to the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Debtor N. Haney Hudson ("Hudson") for the sum of $350,000.00. Shields personally financed the sale to Hudson who, in turn, executed a deed of trust in favor of Shields for the full amount of the indebtedness. The deed of trust was duly filed in the land records office of the Chancery Court of Clarke County, Mississippi, on May 15, 1989. On July 2, 1990, Hudson sought relief from his debts pursuant to Chapter 11 of the United States Bankruptcy code. A subsequent addendum to Hudson's plan reorganization required him to make payments to Shields. Hudson's failure to make payment led Shields to conduct a foreclosure sale of Hudson's property on July 31, 1991. Hudson was successful in preventing the foreclosure on the property.

Since then, the parties have been involved in a protracted legal dispute in which Shields has primarily sought to foreclose on the property and collect on the debt Hudson owes him. On July 14, 1997, Hudson filed a motion in the bankruptcy court to lift an order which was holding various motions in abeyance pending the resolution of all issues in state court. The bankruptcy court granted this motion on July 25, 1997. On March 4, 1998, the bankruptcy court held a trial on Shields's motion to dismiss the chapter 11 claims or convert them to chapter 7 claims. The bankruptcy court dismissed the chapter 11 claims in a May 8, 1998 order and the district court subsequently affirmed in a September 18, 1998 order. Hudson now appeals.

STANDARDS OF REVIEW

We review a bankruptcy court's decision to dismiss a Chapter 11 petition for abuse of discretion. See In re Elmwood Development Co., 964 F.2d 508, 509 (5th Cir. 1992). We review the district court's determinations of law de novo. See In re Martin, 880 F.2d 857, 858 (5th Cir. 1989).

DISCUSSION

Hudson endeavors to bring a plethora of issues before this court yet it is clear from the record that resolution of this case requires us to address a sole issue: whether the district court abused its discretion in affirming the dismissal of Hudson's chapter 11 case. After a thorough review of the record, the briefs and the applicable law, we agree with the district court and affirm.

It is beyond dispute that Hudson has failed to make any plan payments to creditors, as

2

required by 11 U.S.C. § 1101 (2)(c) following the June 1991 confirmation of his plan. Hudson also made only one plan payment to Shields in May 1991 as required by the addendum to his plan. Cause for dismissal exists where, as here, (1) the debtor exhibits an "inability to effectuate substantial consumation of a confirmed plan;" and (2) the debtor is in material default with respect to a confirmed plan. See 11 U.S.C. § 1112(b)(7)-(8). On this basis, we agree with the district court and find no abuse of discretion.

We further find that the court below properly dismissed this action rather than convert it into a chapter 7 case. Hudson's sparse assets which are already encumbered cannot convey any benefit to the estate or any creditors; therefore, there was no basis for conversion. Finding no error, we affirm.

## CONCLUSION

We agree with the district court and adopt its reasoning as our own. AFFIRMED.

3