Roberta Mae **GULLEY,** Appellant,

v.

Susan Shirock **DEPAOLA,** Trustee in Bankruptcy, Appellee.

No. CIV.A. 03–A–675–N.

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 5, 2003.

Richard D. Shinbaum, Montgomery, AL, for Plaintiff.

Susan S. DePaola, Montgomery, AL, for Defendant.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This case is before the court on appeal from a decision of the United States Bank-ruptcy Court for the Middle District of Alabama, Case No. 03–30571–WRS. On May 21, 2003, the bankruptcy court issued an order denying the Debtor, Roberta Mae Gulley's ("Gulley"),[1] motion to convert the Chapter 7 bankruptcy case to a case under Chapter 13. Gulley appeals the bankrupt-cy court's decision to this court pursuant to 28 U.S.C. § 158(a). For the reasons stated below, the court finds that the bankruptcy court's order is due to be AF-FIRMED.

### II. BACKGROUND

Gulley initially filed a Chapter 7 bank-ruptcy petition in the United States Bank-ruptcy Court for the Middle District of Alabama. Susan Shirock DePaola ("De-Paola") was appointed as the Chapter 7 Trustee.

Schedule B of Gulley's petition indicated that she had cash in the amount of $17,000 identified as insurance proceeds. She filed a claim for exemption for this cash, to which DePaola, the Trustee, filed an objec-tion. Gulley then filed a motion to convert her case from Chapter 7 to Chapter 13. The bankruptcy court sustained the objec-tion to the exemption and set the motion to convert to a Chapter 13 case for a status conference.

Gulley then filed a Chapter 13 plan. The proposed Chapter 13 plan required $325.00 per month of disposable income. Gulley receives income in the form of so-cial security in the amount of $10,872.00 per year. According to Gulley's petition and the attached schedule, her social secu-rity income amounts to $906.00 per month. Gulley also receives contributions to her support from her son in the amount of

---

1. It appears that in the underlying bankruptcy proceeding, Gulley was referred to as Robert Mae Gulley. As the Notice of Appeal and filings by Gulley in this court are styled Ro-berta Mae Gulley, this court has referred to Gulley as Roberta Mae Gulley.

$1,100.00 per month. *See* Schedule I to Bankruptcy Petition. Gulley's monthly expenses are $1998.00. *See* Schedule J to Bankruptcy Petition.

After the conference on the motion to convert, the transcript of which is part of the record in this appeal, the bankruptcy court denied the motion on the basis that Gulley was ineligible to be a debtor under Chapter 13.[2] Gulley appeals that determination.

### III. STANDARD OF REVIEW

A district court reviews a bankruptcy court's factual findings under the clearly erroneous standard. *In re Thomas*, 883 F.2d 991, 994 (11th Cir.1989). "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with the definite and firm conviction that a mistake has been committed." *General Trading, Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1494 (11th Cir.1997). In contrast, a district court reviews *de novo* a bankruptcy court's conclusions of law. *In re Simmons*, 200 F.3d 738, 741 (11th Cir.2000). Equitable determinations by a bankruptcy court are subject to review under an abuse of discretion standard. *In re General Dev. Corp.*, 84 F.3d 1364, 1367 (11th Cir.1996).

### IV. DISCUSSION

The bankruptcy court ruled in this case that Gulley could not convert her Chapter 7 bankruptcy petition to Chapter 13 because she was ineligible to be a debtor under Chapter 13. During a conference held on the motion, the bankruptcy court explained that Gulley did not have suffi-

cient income to be a Chapter 13 debtor. *See* Transcript at page 4. The bankruptcy court opined that contributions from Gulley's son could not be considered.

The statutory section at issue provides as follows:

(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

(b) On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.

(c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests such conversion.

(d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 U.S.C. § 706.

In interpreting the language of a statute, courts give "the words used their ordinary meaning" and use interpretative tools, the "canons of construction," which "are no more than rules of thumb that help courts determine the meaning of legislation." *In re Griffith*, 206 F.3d 1389, 1393 (11th Cir.2000) (citations omitted).

The appellant in this case, Gulley, contends that the bankruptcy court's determination is inconsistent with a statute

**2.** Although the bankruptcy judge originally set the matter down for a status conference on the issues of whether the debtor was eligible under Chapter 13 and whether the motion to convert was filed in bad faith, because the bankruptcy judge's decision did not rest on any finding of bad faith, this court will not address the Appellee's arguments that allowing for the conversion would have allowed for Gulley to spend the insurance proceeds and then have her case converted back to a Chapter 7 case.

and cases interpreting that statute. Gulley's interpretation of § 706(a) is that she has an absolute, one-time right to convert her Chapter 7 petition to Chapter 13. Her interpretation is not without interpretative support. The historical and statutory notes to § 706 state that the debtor has a one-time absolute right of conversion. There is also case law which has adopted this view, including *Martin v. Martin,* 880 F.2d 857 (5th Cir.1989). As the Appellee points out, however, even in the *Martin* decision the court left open the possibility that facts could be presented of "extreme circumstances" under which it would be appropriate to deny the right to convert. *Id.* at 859; *see also Finney v. Smith (In re Finney),* 992 F.2d 43, 45 (4th Cir.1993) (leaving open the possibility that a court may deny a § 706(a) motion in egregious circumstances).

Many of the cases expressing the view that § 706(a) is an absolute right rely on legislative history which they interpret as indicating that Congress wanted to give debtors a right to convert their petitions to allow them to pay their bills. *See Martin,* 880 F.2d at 859.

On its face, § 706(d) does not allow for conversion if the debtor is not eligible to be a debtor under Chapter 13. The plain meaning of § 706(d) is that, regardless of what is provided in § 706(a), if a person is not eligible to be a debtor under the chapter to which she seeks to convert her case, she cannot convert her Chapter 7 case.

Rather than consider § 706(a) and 706(d) to be in conflict, thereby creating an ambiguity, some courts have determined that the "absolute" right to convert is not without exception. *See, e.g., In re Carter,* 285 B.R. 61 (Bankr.N.D.Ga.2002). One court has stated that the "more recent trend in the case law appears to favor a finding that the debtor's first-time conversion of a case from Chapter 7 to Chapter

13 is not absolutely free from consideration by the court and is not completely insulated from any objection filed by an interested party." *Id.* at 64.

Courts which have determined that the conversion right is not absolute have reasoned that although the "absolute" nature of the right is said to derive from the language "at any time," those words do not mean "regardless of the circumstances," but instead refer literally to the time at which the motion to convert can be made, which is at any stage of the Chapter 7 case. *See In re Starkey,* 179 B.R. 687, 692 (Bankr.N.D.Okla.1995).

Other courts have pointed out that in subsections (b) and (c) of 706, Congress uses the word "may," while in another statutory section, § 1307(b), Congress provides that if a debtor at any time moves to dismiss a case that has not previously been converted, the court "shall" dismiss the case. *In re Marcakis,* 254 B.R. 77, 81 (Bankr.E.D.N.Y.2000). These courts reason that the difference in the language of these two code sections supports the conclusion that they should be interpreted differently. *In re Hauswirth,* 242 B.R. 95, 96 n. 2 (Bankr.N.D.Ga.1999).

The Eleventh Circuit has not ruled on this issue. In the context of this appeal, this court need not decide whether other exceptions to the conversion right can exist because the bankruptcy court based its determination on Gulley's eligibility as a Chapter 13 debtor. Even assuming that the legislative history does not support the bankruptcy court's interpretation, the legislative history of the statute is only relevant if the statute is unclear. *See In re Ponzini,* 277 B.R. 399, 404 (Bankr. E.D.Ark.2002); *see also U.S. v. Maung,* 267 F.3d 1113, 1121 (11th Cir.2001) ("If the meaning of a statute is clear on its face, we may only look to legislative history if that

plain meaning produces 'a result that is not just unwise but is clearly absurd.'"). In interpreting a statute, it is what the statute says, rather than what the lawmakers may have "meant to say," that is determinative. This court is persuaded by the cases discussed above that the plain language of § 706(d) requires denial of the right to convert from a Chapter 7 to a Chapter 13 plan where the debtor is ineligible to be a Chapter 13 debtor, and that that interpretation of § 706 does not produce any absurd results.

■ The court now turns to the bankruptcy court's determination that Gulley was ineligible to be a Chapter 13 debtor. Chapter 13 proceedings are limited to individuals with regular income. 11 U.S.C. § 109(e). An "individual with regular income" means an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title ..." 11 U.S.C. § 101(30).

DePaola argues that this court should accept the bankruptcy court's determination that Gulley is not eligible to be a debtor under Chapter 13. DePaola states that Gulley's contributions[3] from her son do not constitute income of sufficient stability and regularity, citing *In re Tennis*, 232 B.R. 403 (Bankr.W.D.Mo.1999), and that, even considering the amount contributed by her son, based upon Gulley's schedules, she does not have enough disposable income to fund her proposed plan.

Upon an independent review of the entire record, the court concludes that the bankruptcy court was not clearly erroneous in its determination that Gulley does not have sufficiently stable and regular income which would enable her to make payments under her proposed Chapter 13 plan. Accordingly, the court agrees with the determination by the bankruptcy court that Gulley's motion to convert her Chapter 7 case to a Chapter 13 case was due to be denied because Gulley did not establish that she is a person eligible to be a debtor under Chapter 13.

## V. CONCLUSION

For the reasons discussed, the decision of the bankruptcy court is hereby ORDERED AFFIRMED. A separate Judgment will be entered in accordance with this Memorandum Opinion and Order.

---

3. In her brief, Gulley characterizes these payments as being income "from her son who lives in the adjoining house of the Debtor, which could either be classified as rent or family income...." Brief at page 12. The only evidence before this court, however, is from the schedule which states that she received a monthly "contribution" from her son. *See* Schedule I.