**John Schwarz, Appellant, v. Bowler Manufacturing
Company et al., Appellees.**

**Gen. No. 18,010.**

CORPORATIONS—*money paid for stock not trust fund.* Money re-
ceived by a corporation from stock subscriptions constitutes a trust
fund for all its creditors, and where it is insolvent, no preference
can be given by impressing a trust on a fund paid by a purchaser,
whether his subscription was induced by fraud or not.

Appeal from the Superior Court of Cook county; the Hon. WIL-
LIAM FENIMORE COOPER, Judge presiding. Heard in the Branch
Appellate Court at the December term, 1911. Affirmed. Opinion
filed February 11, 1913.

McEWEN, WEISSENBACH, SHRIMSKI & MELOAN, for
appellant.

CASWELL & HEALY, for appellees.

MR. JUSTICE BARNES delivered the opinion of the
court.

This is an appeal from a decree sustaining a de-
murrer to the bill of complaint and dismissing the
same for want of equity. The bill seeks the rescission
of a contract for the purchase of stock of said manu-
facturing company on the ground that complainant
was fraudulently induced by defendants to enter into
it, the return of the money paid therefor, an account-
ing, and to have certain deposits of said company with
the defendant bank consisting, as is alleged, of part of
the money paid for said stock, declared a trust fund.

The grounds relied upon for the aid of a court of equity are two,—an alleged claim for accounting, and right to declare a trust. As to the former, the bill fails to show a complicated account and to state a case for an accounting. As to the latter, we do not think that the mere fact that money from the sale of stock induced by fraud has entered into the corporation's banking account or a certificate of deposit issued to it, furnishes ground for impressing a trust upon either of them for the benefit of the subscriber or purchaser of such stock. Money received from stock subscriptions constitutes a trust fund for all creditors of the corporation, and as the bill alleges that the corporation is insolvent, no preference can be given to complainant as a creditor over its other creditors whether the subscription was induced by fraud or not. Turner v. Grangers' Life & Health Ins. Co., 65 Ga. 649. The obvious aim of the bill is to tie up such account and certificate so complainant can realize upon them in the event of sustaining his case; but on facts as stated in the bill he may manifestly recover a judgment in law, and we do not think the bill sets forth equitable grounds for reaching the funds in question. The decree will be affirmed.

*Affirmed.*