In re MORRIS BROS., Inc.

SMITH v. BRONAUGH.

(Circuit Court of Appeals, Ninth Circuit.   October 29, 1923.)

No. 4043.

1. Bankruptcy ⊙�longdash140(3)—To establish trust, fund must be traced.
   One who, as result of fraud, paid money to bankrupt corporation, which went into its general funds and was used in its business, and cannot be traced into any property in the hands of its trustee, cannot establish a trust which entitles him to preference over general creditors.

2. Bankruptcy ⊙⟻140(3)—Rights of stockholder in assets of bankrupt corporation subordinate to those of creditors.
   A stockholder in a bankrupt corporation, though he was induced to become such by fraud, and even though he may be able to trace his money paid into property in the hands of the trustee, cannot establish a trust therein as against creditors who became such while he was a stockholder.

3. Bankruptcy ⊙⟻345—Law of Oregon entitles creditors of bankrupt corporation to priority over stockholders rescinding for fraud.
   The law of Oregon, which gives creditors of an insolvent corporation the right to payment before stockholders whose status is due to corporate fraud, and who can by rescission change to the status of creditors, entitles the creditors of a bankrupt corporation to priority over such stockholders, under Bankruptcy Act, § 64b, subd. 5 (Comp. St. § 9648).

Appeal from the District Court of the United States for the District of Oregon; Chas. E. Wolverton, Judge.

In the matter of Morris Bros., Inc., bankrupt; Earl C. Bronaugh, trustee. From an order denying preference to his claim, and subordinating it to claims of general creditors, Albert C. Smith appeals. Affirmed.

For opinion below, see 282 Fed. 670.

I. N. Smith, L. A. McNary, John W. Reynolds, and Flegel, Reynolds, Flegel & Smith, all of Portland, Or., for appellant.

J. P. Winter, of Portland, Or., for appellee.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

BOURQUIN, District Judge.   This appeal is from qualifications attached to allowance of appellant's claim against the estate in bankruptcy.   In review of the referee's disallowance of the claim, the District Court determined in substance and effect that by reason of fraud imputable to the corporation bankrupt, and that induced appellant's purchase of some of its preferred capital stock, he is entitled to rescind and to assert a claim against the estate; that the consideration he paid is not traceable into certain bonds in the estate, nor into the general mass thereof, and neither bonds nor estate is chargeable with trust or lien in his behalf; that, during the 17 months between purchase and adjudication of corporate bankruptcy, claims accrued against the corporation, that are now asserted against the estate, in excess of the as-

sets in the estate, and in excess of $1,500,000; and that these claims are superior in equity to his, and are entitled to be paid prior to his.

[1] The appeal questions only the finding of nontraceability of the consideration paid for the stock, and the law applied. The evidence is without conflict and discloses that Morris Bros., Inc., contemplating reorganization with power to issue preferred stock, in July, 1919, sold to appellant an interim certificate in amount $2,000. In payment to the corporation he delivered Canadian bonds in value $2,000, to be collected and applied. To effect reorganization, in September, 1919, the stockholders of Morris Bros., Inc., organized a new corporation of the same name, this bankrupt, and to it transferred all the property of the old corporation. In consideration the new corporation assumed the liabilities of the old, and to the latter's stockholders issued all the new stock.

Accordingly a Mrs. Etheridge received all the preferred stock. In January, 1920, to enable the new corporation to issue, as it then did, certificates to purchasers of preferred stock, including appellant, Mrs. Etheridge to it transferred sufficient of the stock. In consideration she received credit for $102,200 in her account with the new corporation. At the same time the corporate preferred stock sales account was debited in like amount. This credit to Mrs. Etheridge was offset by bonds subsequently sold to her by the new corporation, which bonds for unknown reasons, though probably to replace assets improperly diverted, she returned to the new corporation subsequent to adjudication of its bankruptcy, and they are now in the estate and are the certain bonds in respect to which appellant asserts a particular trust or lien. The adjudication of bankruptcy was on December 27, 1920. Both corporations dealt extensively in stocks and bonds, though both were insolvent at all material times.

The only evidence of the course of the consideration appellant paid for his stock is furnished by his accountant witness that from entries in the corporate books he deduces the consideration went into the old corporation's general funds and was used in general operations. There is no evidence when, where, how, or by which corporation the certain bonds now in the estate were originally acquired. In these circumstances it is very clear that the consideration appellant paid, his Canadian bonds or their proceeds, or substitutes for them, are not traceable into the certain bonds in the estate, nor in recognizable form into the estate itself. His Canadian bonds or proceeds were expended in general operations. The certain bonds in the estate, not only may have been acquired prior thereto, but for consideration of which appellant's was no part.

The book entries in connection with the transfer of the bonds last aforesaid to Mrs. Etheridge afford no support to appellant's argument otherwise. He fails in proof of a particular trust or lien in respect to said bonds—fails in proof of his title. So, too, in respect to his claim of general trust or lien upon the assets of the estate in their entirety.

That the consideration he paid for the stock may have some time entered into the old corporation's property, and to which, in so far as to

unknown extent it was intact, one month later the new corporation succeeded, is not sufficient in circumstances of time, change, extensive corporate transactions, manipulation and disposition of assets, to persuade that the Canadian bonds or their proceeds in any form at adjudication were or now are part of the estate in bankruptcy, or to any extent have enriched it. It follows that the District Court's finding of nontraceability and its denial of trust or lien are right beyond reasonable controversy.

[2] The principles of equity involved sufficiently appear in the cases cited by Judge Wolverton, viz. Spokane County v. Bank, 68 Fed. 979, 16 C. C. A. 81, and Schuyler v. Littlefield, 232 U. S. 707, 34 Sup. Ct. 466, 58 L. Ed. 806. Moreover, if for the sake of argument it be conceded that appellant has traced the consideration as he alleges, he is not entitled to trust or lien. Both corporations are of Oregon, were insolvent at all material times, and all material transactions occurred in Oregon. From purchase to adjudication, 17 months later, appellant held certificates and the status of stockholder, and drew two dividends.

In that interval corporate debts were incurred, for which are now claims that exceed the assets in the estate. In these circumstances the principles of equity upon which appellant relies have no application. Their purpose is a more effective remedy in cases of fraud, but not when inconsistent with the defrauded person's duty or obligation, not when inconsistent with others' rights. In general, they do not extend to stockholders. They do not supersede the settled law that all the property of an insolvent corporation, and including amounts unpaid on stock subscriptions induced by corporate fraud, is a trust fund for creditors to the exclusion of stockholders.

The law of the domicile of this bankrupt corporation in which appellant is a stockholder, and the great weight of authority, are that, given a corporation insolvent and unpaid subscriptions, corporate fraud inducing the subscriptions affords no stockholder a defense to collection, or ground for rescission, or basis for trust or lien, to the prejudice of corporate creditors. A fortiori, nor in respect to stock subscriptions paid. See Morgan v. Ruble, 81 Or. 641, 160 Pac. 543; Lantry v. Wallace, 182 U. S. 548, 21 Sup. Ct. 878, 45 L. Ed. 1218; Ratcliff v. Clendenin, 232 Fed. 61, 146 C. C. A. 253; and the numerous cases of reference in 1 Cook, Corp. § 164; 8 Fletcher, Corp. § 5041; 14 C. J. 600; and notes in L. R. A. 1915D, 792. A like claim of trust or lien was rejected in Schwarz v. Bowler Mfg. Co., 177 Ill. App. 294. In England the rule is absolute; in this country, some time modified in furtherance of justice.

Appellant's case is not bettered, for that the District Court found him free from laches or want of diligence, for the court also found subsequent claims in excess of assets, and it virtually and properly held that, though entitled to rescind so far as the corporation is concerned, he is not so far as creditors are concerned. His quiescence during 17 months of stockholding, dividends received, and accrual of debts, is laches and want of diligence in respect to creditors.

However ignorant appellant of corporate insolvency and transactions, he knew the corporation was engaged in business, and might, as it did, incur debts. Hence he was charged with notice and knowledge of corporate status and acts, so far as creditors were concerned. That no creditor knew he was a stockholder is immaterial. Credit is given to corporations, with little or no knowledge of names of stockholders, but with confidence that, whoever they are. their rights in and to corporate property are subordinate to the rights of creditors.

[3] Appellant further contends that in any event his claim allowed is entitled to be classed with those of general creditors and to prorate with them. This is based upon the complete and exclusive system of the Bankruptcy Act, wherein section 64 (Comp. St. § 9648) provides for priorities and section 65 (Comp. St. § 9649) for dividends of "an equal per centum * * * on all * * * claims, except such as have priority." Amongst the priorities recognized by section 64, supra, are "debts owing to any person who by the law of the states or the United States is entitled to priority."

That is this case. By the laws of Oregon creditors of insolvent corporations are entitled to be paid before stockholders, whose status is due to corporate fraud, can by rescission change to the status of creditors and receive payment out of corporate property. And this priority invokes the sanction of section 64b (5), supra, and justifies the District Court's subordination of appellant's claim to payment of creditors. Unlike Globe Bank v. Martin, 236 U. S. 288, 35 Sup. Ct. 377, 59 L. Ed. 583, wherein the appeal to section 64b (5), supra, was rejected, for that the priority claimed by virtue of state law was inconsistent with other and controlling provisions of the Bankruptcy Act, there are none of said act inconsistent with the priority of the creditors here.

There is no merit in appellant's contention that by reason of the fraud the status of stockholder at no time attached to him.

The decision of the District Court is right, and its decree is affirmed.

---

⊜⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes