## In re CONSOLIDATED IRON & STEEL MFG. CO.

### WELLS v. GANNON.

### No. 6631.

Circuit Court of Appeals, Sixth Circuit.

April 12, 1935.

A. H. Sachs, of Cleveland, Ohio (Sidney N. Weitz, of Cleveland, Ohio, on the brief), for appellant.

J. R. Kistner and E. F. Woodle, both of Cleveland, Ohio, for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

The District Court dismissed appellant's petition to review the order of the Referee in Bankruptcy allowing appellee's claim under the Workmen's Compensation Act of Ohio (section 1465-37 et seq., General Code) as a prior claim against the bankrupt's estate.

The case was heard upon an agreed statement of facts. Appellee was injured while in the course of his employment, suffering the loss of an eye. Upon March 7, 1932, a written agreement was entered into between the bankrupt, a self-insuring employer under section 1465-69, General Code of Ohio, and appellee, by which the bankrupt agreed to pay as compensation for such permanent partial disability $1,166.25 at the rate of $9.33 per week for 125 weeks, in bi-weekly installments. The agreement was

submitted to the Industrial Commission of Ohio, and by it approved on March 23, 1932. The bankrupt thereafter paid appellee $56.-98 in installments under the agreement, prior to the adjudication in bankruptcy, which occurred on April 13, 1932. Upon failure of the bankrupt to continue payments, appellee applied to the Industrial Commission, which ordered the bankrupt to pay the amount due under the agreement. Appellee, in his amended proof of claim, prayed that his claim be adjudged a prior claim against the estate.

The legal questions are (1) whether appellee's claim is provable under the Bankruptcy Act, and (2) whether, if provable, the claim is entitled to priority.

■ As to the first question, the claim is clearly provable within the definition of section 63a (1, 4) of the Bankruptcy Act as amended (title 11, U. S. C., § 103 (a) (1, 4), 11 USCA § 103 (a) (1, 4), which in its material portions defines a provable claim as "(1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not," and "(4) founded upon an open account, or upon a contract express or implied."

In this case there is an instrument in writing executed by the employer and the employee, evidencing a fixed liability. Also the claim is founded upon an express contract. The terms are fixed and certain, and consideration exists. In consideration of the payments made under this contract, the employee relinquishes any and all rights of action against his employer. Section 1465-72, General Code of Ohio.

■ Upon the second question, the judgment must be affirmed. Section 64b (7) of the Bankruptcy Act as amended (title 11, U. S. C., § 104 (b) (7), 11 USCA § 104 (b) (7), gives priority to "debts owing to any person who by the laws of the States or the United States is entitled to priority." This does not signify that the law of Ohio can or does of its own force determine priorities under the National Bankruptcy Act. It means that the National Bankruptcy Act prescribes that effect shall be given to state laws which do give priority to certain debts. In re Bennett, 153 F. 673 (C. C. A. 6). In that case it was pointed out that Congress has elected to prescribe that debts entitled to priority under any state law or law of the United States shall be accorded a like priority in the distribution of a bankrupt's estate. Such provisions of the state law are enforced in the federal courts. In re Morris Bros., Inc., 293 F. 294 (C. C. A. 9); Manly v. Hood, 37 F.(2d) 212 (C. C. A. 4).

Section 1465-88, General Code of Ohio, provides that "In all cases where property of an employer is placed in the hands of an assignee, receiver or trustee, claims arising under any award or finding of the industrial commission * * * including claims for premiums, and any judgment recovered thereon shall first be paid * * * except claims for taxes. * * *"

Here there was no award of the Industrial Commission prior to the adjudication in bankruptcy. However, a written agreement between the employee and the self-insuring employer had been approved by the Industrial Commission. The Commission is authorized, under section 1465-44, General Code of Ohio, to make rules concerning the administration of the Workmen's Compensation Act. These rules provide for the approval of settlement agreements between injured employees and self-insuring employers.[1] Under these rules the Industrial

---

[1] Bulletin of The Department of Industrial Relations and The Industrial Commission of Ohio.

Rule 10. "In the event injury or occupational disease results in a permanent partial disability, an agreement shall be entered into by the employer and employe as to the compensation to be paid to cover such permanent partial disability. This agreement shall state when the first installment of compensation was paid, shall be signed by the employer and employe, and shall be filed with the Commission as soon as compensation payments to cover the period of temporary total disability have been suspended. It shall be the duty of the employer, thereafter, to pay to the employe in bi-weekly installments the compensation provided for in said agreement."

Rule 12. "Upon completion of the payment of compensation and the expenses for medical, hospital, nursing, and funeral services and medicines, the employer shall report to the Commission on a form provided therefor, the date when the first installment of compensation was paid, the total amounts expended for such items, except that in cases where the injury or occupational disease has resulted in a permanent partial disability or death, such report shall contain a statement as to the amount of compensation which is to be paid in bi-weekly installments in the future, and may be filed at the time the

Commission examines the report of the employer with the agreement embodied therein, to inquire whether the compensation agreed upon, etc., comply with the Compensation Act. Since the Commission approved the written settlement herein, it made a specific finding that the agreement conformed to the statute. Hence the debt is one owing to a person who under section 1465-88, General Code of Ohio is entitled to priority, and therefore it is entitled to priority under the Bankruptcy Act.

The judgment of the District Court is affirmed.

---

initial payment of such bi-weekly installments of compensation is made."

Rule 13. "Upon receipt of Final Report, as provided for in Rule 12 hereof, the same shall be examined and if found to provide for the payment of compensation, etc., in accordance with the provisions of the Compensation Act, the award shown therein shall be approved by the Commission. * * * "