## In re GROENLEER–VANCE FURNITURE CO.

## In re GARRATT.
### No. 6876.

District Court, W. D. Michigan, S. D.
May 14, 1938.

Smith, Strawhecker & Wetmore, of Grand Rapids, Mich., for claimant.

Hilding & Baker, of Grand Rapids, Mich., for trustee.

RAYMOND, District Judge.

The novel question presented by claimant's petition for review arises from facts concerning which there is no substantial controversy and which are clearly stated in the findings of the referee. The contentions of claimant are concisely set forth in paragraph 3 of the petition for review, as follows:

"3. That such order was and is erroneous in that your Petitioner's claim for $10,000.00 arising from her rescission of the purchase of $10,000.00 of the capital stock of the bankrupt corporation is thereby subordinated to the rights of all general creditors of the bankrupt corporation, whereas,

"$5,000.00 of said stock was acquired by your petitioner on April 11, 1936, for advances of $5,000.00 made by your petitioner between June 24, 1935, and November 22, 1935. From the date of such advances until April 11, 1936, your petitioner was a creditor of the bankrupt corporation;

"Between August 1, 1935 and April 11, 1936, $10,714.63, or approximately 70% of the bankrupt's indebtedness, excluding this $5,000.00 advanced by your petitioner, was incurred; and thereafter $4,773.17, or approximately 30% of the bankrupt's debts were incurred, as appears from the analysis of the bankrupt's accounts payable (Exhibit D).

"On rescinding this $5,000.00 stock purchase, your petitioner is entitled to return to the position she previously occupied, i. e., that of a general creditor.

"In this case, in view of the fact that your petitioner was herself a general creditor until April 11, 1936, and the fact that 70% of the creditors of the bankrupt, excluding your petitioner, became so while she was a creditor and prior to the time that she purchased this $5,000. of stock, equity does not require that this $5,000.00 claim be postponed to that of other general creditors. Equity, instead, requires that this claim be placed on a par with those of the majority of the general creditors, because they did not become such in reliance on your petitioner's holding this $5,000.00 of stock, and because she was herself a general creditor and is entitled on rescission to be returned to her previous status, unless to do so violates the rights of a substantial majority of the creditors."

The order appealed from allowed to petitioner a general claim in the sum of $2575, this claim to participate with all other general creditors in the distribution of assets. It also allowed a general claim in the sum of $10,000, this claim, however, to be subordinated in the distribution of assets to the rights of all other general creditors.

Among other findings of the referee pertinent to the issue under consideration are the following: That about August 6, 1935, claimant became a stockholder and was duly elected director and treasurer of the corporation; that at a meeting held on April 11, 1936, by the board of directors claimant was present when a motion was made to legalize the 5000 shares of stock theretofore issued to her and that the motion was carried by unanimous vote; that she at that time had knowledge that the capital structure of the corporation as theretofore constituted did not permit the issuance to her of the 5000 shares; that at the same meeting she agreed to accept an additional 5000 shares of stock; and that at no time was application made by the corporation to the Michigan Corporation and Securities Commission for approval of the increase in capitalization.

The record discloses that a substantial proportion of bankrupt's total indebtedness (approximately 30%) was incurred subsequent to April 11, 1936, and prior to the date of the adjudication in bankruptcy which occurred August 24, 1936.

At the time of adjudication no attempt had been made by claimant under the provisions of the "Blue Sky Law" of Michigan (Act 37 Public Acts Michigan 1935) to rescind her purchase of stock. As to $5000 of petitioner's claim arising from subsequent rescission of the stock purchase of August 1935, she concedes that the subordination is proper upon the authority of In re Morris Bros., D.C., 282 F. 670; Id., 9 Cir., 293 F. 294, but contends that this case is not applicable as to the claim of $5000 arising from the rescission of the

purchase of stock to that amount on April 11, 1936. She contends that as to approximately 70% of the creditors who became such between August, 1935, and April 11, 1936, her $5000 claim as a creditor upon rescission of the April 11, 1936, purchase of stock should stand on a par with other general creditors and that under section 65 of the Bankruptcy Act, 11 U.S.C.A. § 105, she is entitled to equal dividends.

It is the view of the Court that the cases relied upon by claimant, In re Bowman Hardware & Electric Co., 7 Cir., 67 F.2d 792, and In re Geo. P. Schinzel & Son, D.C., 16 F.2d 289, are not controlling under the peculiar facts of the present case. Courts have repeatedly frowned upon the attempt of a stockholder after bankruptcy to "lay aside the garb of a stockholder, on one pretense or another, and to assume the role of a creditor". See Newton National Bank v. Newbegin, 8 Cir., 74 F. 135, 140, 33 L.R.A. 727; Allen v. Commercial National Bank, 6 Cir., 191 F. 97. It is also to be noted that the rights of creditors become fixed at the moment of bankruptcy and that they then acquire a right in rem against the assets. See Sexton v. Dreyfus, 219 U.S. 339, 345, 31 S.Ct. 256, 55 L.Ed. 244.

While no controlling case has been cited or found, the court is of opinion that where, as here, a stockholder, who was also a director and officer of the corporation at the time of an illegal issue of stock to herself, with full knowledge of which illegality she is chargeable, fails to exercise her right of rescission until after an adjudication in bankruptcy, and where a substantial amount of indebtedness has been incurred during the period of such stock ownership, she may be permitted to assume the role of general creditor only upon subordination of her claim to the rights of all other general creditors. Application of equitable principles requires that a stockholder shall not, after an adjudication of bankruptcy of the corporation, change her status to that of creditor to the injury of other creditors. As stated in the case of Carter v. Bogden, 8 Cir., 13 F.2d 90, 94, " * * * fundamental principles of honest dealing and sound public policy forbid his receiving any distribution on this claim at expense of such creditors of said corporation. * * "

In the case of In re Morris Bros., 9 Cir., 293 F. 294, 297, it was said:

"However ignorant appellant of corporate insolvency and transactions, he knew the corporation was engaged in business, and might, as it did, incur debts. Hence he was charged with notice and knowledge of corporate status and acts, so far as creditors were concerned. That no creditor knew he was a stockholder is immaterial. Credit is given to corporations, with little or no knowledge of names of stockholders, but with confidence that, whoever they are, their rights in and to corporate property are subordinate to the rights of creditors."

See, also, In re Lathrap, 9 Cir., 61 F.2d 37, 43; Robinson v. Wangemann, 5 Cir., 75 F.2d 756.

An order will be entered affirming the findings and order of the referee.