**In the Matter of Greta R. CARTER, Debtor.**

No. 00–12200–WHD.

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

Nov. 7, 2002.

**62**

Ralph Goldberg, Decatur, GA, for Debtor.

Jacquelyn Louise Kneidel, Mann & Wooldridge, Newnan, GA, for trustee.

Theo Davis Mann, Mann & Wooldridge, Newnan, GA, trustee.

### ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

Before the Court is the Debtor's motion to convert her bankruptcy case from Chapter 7 to Chapter 13. The Motion is opposed by Theo Mann (hereinafter the "Trustee"), acting in his capacity as trustee of the Debtor's Chapter 7 bankruptcy estate. This matter is a core proceeding over which this Court has jurisdiction. *See* 28 U.S.C. §§ 1334(a); 157(a); 157(b)(2)(A).

### BACKGROUND

In September 2000, the Debtor filed a petition under Chapter 7 of the Bankruptcy Code. A discharge was entered in January 2001. In April 2001, the Trustee filed a report stating that he was investigating the possibility of assets. The Trustee has apparently determined that there is equity in the Debtor's real property (the "Property") for the benefit of the Debtor's creditors. Accordingly, the Trustee filed an application to employ a real estate broker for the purpose of marketing the Property, and the Court granted that application. On August 2, 2002, in an apparent response to the Trustee's efforts to sell the Property, the Debtor filed a Notice of Conversion [1] of her case from Chapter 7 to Chapter 13. The Trustee then filed his motion to sell the Property, to which the Debtor objected on the ground that she is converting her case to Chapter 13.

The Court set the matter for a hearing, at which time the Trustee informed the Court that the Debtor's husband, who holds a one-half undivided interest in the Property, had not yet consented to the sale of the Property. Accordingly, the motion to sell was continued to allow the Trustee an opportunity to file an adversary proceeding against the co-owner of the Property. In the interim between the first hearing on the Trustee's motion to sell and the continued hearing, the Trustee filed an objection to the Debtor's motion to convert. The Court set the Debtor's motion to convert for a hearing to be held along with the continued hearing on the Trustee's motion to sell.

In his objection to the Debtor's motion to convert, the Trustee argues that the Court should deny the Debtor's motion

---

**1.** The Court notes that Rule 1017(f)(2) of the Federal Rules of Bankruptcy Procedure provides that "[c]onversion ... under [§] 706(a) ... shall be on motion filed and served as required by Rule 9013." FED. R. BANKR. P. 1017(f)(2). Accordingly, the Court will treat the Debtor's Notice of Conversion as a motion to convert.

because she has received a discharge, and therefore has no debts to repay through a Chapter 13 plan, and because she filed her motion to convert to Chapter 13 in bad faith. The Trustee also contends that the Debtor cannot convert to a Chapter 13 case unless her discharge is either revoked or vacated and that there is no legal grounds upon which the Court could revoke or vacate the Debtor's discharge.

In response, the Debtor contends that she has an absolute, one-time right to convert her case from Chapter 7 to Chapter 13 and that the Court has no discretion to deny her motion to convert. Therefore, the Debtor also believes that the entry of her Chapter 7 discharge is irrelevant to the question of whether she should be allowed to convert to Chapter 13. Nonetheless, should the Court determine that the Debtor's discharge must be vacated to allow the conversion, the Debtor has moved to vacate her discharge.

### DISCUSSION

A. *Does § 706(a) Grant the Debtor an Absolute One–Time Right to Convert from Chapter 7 to Chapter 13?*

█ This case calls upon the Court to determine whether the Debtor, having received a discharge under Chapter 7, may now convert her case to Chapter 13 and whether the Debtor's discharge must be vacated in order to allow her to proceed in a Chapter 13 case. The first issue for the Court to consider is whether the Court has the authority to deny the Debtor's first request to convert her Chapter 7 case to Chapter 13. The conversion of a Chapter 7 case to another chapter of the Code is controlled by § 706(a) of the Bankruptcy Code, which provides, in relevant part: "The debtor may convert a case under [Chapter 7] to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112,

1208, or 1307 of this title." 11 U.S.C. § 706(a). Additionally, § 706(d) provides that "[n]otwithstanding any other provisions of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." *Id.* § 706(d).

"There appears to be no disagreement among the courts that § 706(d) requires a consideration of whether a debtor seeking to convert her chapter 7 case to a chapter 13 case meets the basic requirements of 'who may be a debtor' in a chapter 13 case under 11 U.S.C. § 109(e)." *In re Widdicombe*, 269 B.R. 803, 805 (Bankr.W.D.Ark. 2001) (citing COLLIER ON BANKRUPTCY ¶ 706.05 (15th ed.1999)); *see also In re Mosby*, 244 B.R. 79, 84 n. 2 (Bankr. E.D.Va.2000) ("Of course, it goes without saying that the right to convert is qualified by the need to meet the eligibility requirements set forth in § 109(e) ...."). Accordingly, the language of § 706(d) clearly vests the Court with the discretion to deny a motion to convert to Chapter 13 in the event that the putative Chapter 13 debtor is ineligible for Chapter 13 relief. 11 U.S.C. § 109(e) ("Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $290,525 and noncontingent, liquidated, secured debts of less than $871,550 ... may be a debtor under chapter 13 of this title."). However, in this case, the Trustee has not argued that the Debtor is not an individual with regular income or that her debts exceed the limits provided by § 109(e).

However, there is a split in authority as to whether a court is prevented from considering additional factors, such as the futility of a conversion to Chapter 13 or the debtor's misconduct or bad faith. The language "at any time," the lack of limitations in the statute, and the statute's legislative

history have prompted several courts to conclude that a bankruptcy court has no discretion to deny the debtor his or her one-time right to convert from Chapter 7 to Chapter 13. *See In re Martin,* 880 F.2d 857 (5th Cir.1989) (concluding that a bankruptcy court has no discretion to deny a debtor his or her one-time right to convert to Chapter 13, but recognizing that other courts have denied such motions in "extreme circumstances"); *In re Widdicombe,* 269 B.R. 803 (Bankr.W.D.Ark.2001); *In re Verdi,* 241 B.R. 851 (Bankr.E.D.Pa.1999); *Matter of Kleber,* 81 B.R. 726 (Bankr. N.D.Ga.1987) (Kahn, J.) (court has no discretion to consider the debtor's motives or bad faith on a first-time motion to convert from Chapter 7 to Chapter 13); *Matter of Jennings,* 31 B.R. 378, 380 (Bankr.D.Ohio 1983) ("no limitation on [the right to convert] can be read into [§ 706(a)]"); *In re Caldwell,* 67 B.R. 296 (Bankr.E.D.Tenn. 1986) ("The language of § 706(a) is unequivocal" that "[a] debtor has an absolute right to convert"; "Congress ... did not in any way condition a debtor's right to convert under § 706(a) by limiting the exercise of that right to a time preceding the grant of a debtor's discharge.").

Other courts have determined that a court can deny the conversion only in extreme circumstances. *See In re Finney,* 992 F.2d 43, 45–46 (4th Cir.1993) (concluding that the debtor was entitled to convert his case from Chapter 7 to Chapter 13, notwithstanding the fact that he had been denied a Chapter 7 discharge because of fraudulent post-petition transfers of property); *In re Kuntz,* 233 B.R. 580, 583 (1st Cir. BAP 1999) (debtor's one-time right to conversion can only be denied in extreme circumstances).

The more recent trend in the case law appears to favor a finding that the debtor's first-time conversion of a case from Chapter 7 to Chapter 13 is not absolutely free from consideration by the court and is not completely insulated from any objection filed by an interested party. *See In re Ponzini,* 277 B.R. 399 (Bankr.E.D.Ark. 2002); *In re Young,* 269 B.R. 816 (Bankr. W.D.Mo.2001); *In re Krishnaya,* 263 B.R. 63 (Bankr.S.D.N.Y.2001) (concluding that "while there is a presumptive right to convert under section 706(a), that right is not absolute, and the matter remains within the discretion of the Court"); *In re Pakuris,* 262 B.R. 330, 333–35 (Bankr.E.D.Pa. 2001); *In re Starkey,* 179 B.R. 687, 692 (Bankr.N.D.Okla.1995).

Some of these courts have chosen to consider the totality of the circumstances of a given case, including such factors as: "(i) whether the debtor is seeking to convert to chapter 13 in good faith (including a review of facts such as the timing of the motion to convert; the debtor's motive in filing the motion; and whether the debtor has been forthcoming with the bankruptcy court and creditors); (ii) whether the debtor can propose a confirmable chapter 13 plan; (iii) the impact on the debtor of denying conversion weighed against the prejudice to creditors caused by allowing conversion; (iv) the effect of conversion on the efficient administration of the bankruptcy estate; and (v) whether conversion would further an abuse of the bankruptcy process." *In re Pakuris,* 262 B.R. 330, 335–36 (Bankr.E.D.Pa.2001); *see also In re Tardiff,* 145 B.R. 357, 360–61 (Bankr. D.Me.1992). Others have largely considered the feasibility of the debtor's proposed Chapter 13 plan. *See In re Marcakis,* 254 B.R. 77, 79–82 (Bankr.E.D.N.Y. 2000) (denying a motion to convert from Chapter 7 to Chapter 13 because the debtor clearly could not propose a confirmable Chapter 13 plan that would meet the liquidation test and, therefore, conversion would be futile).

In *In re Krishnaya*, the court acknowledged that the legislative history does appear to support the argument that Congress intended to allow debtors an unconditioned one-time right to convert to Chapter 13. *In re Krishnaya*, 263 B.R. at 65 (citing H. Rep. No. 95–595, 95th Cong., 1st Sess., 380 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6336; S. Rep. No. 95–989, 95th Cong., 2nd Sess., 94 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5880). The legislative history states that § 706 "gives the debtor the one-time *absolute* right of conversion of a liquidation case to a reorganization or individual repayment plan case," but "[i]f the case has already once been converted from chapter 11 or 13 to chapter 7, then the debtor does not have that right." S.Rep. No. 989, 95th Cong., 2d Sess. 94 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5880 (emphasis added). Furthermore, the court noted that this absolute right was meant to further the Congressional preference for Chapter 13 to the extent that it allows debtors the ability to repay their debts. However, the court pointed out that in cases in which the debtor clearly has no intention of paying these debts, the legislative purpose in allowing a conversion is not served. *Id.; see also In re Tardiff*, 145 B.R. 357 (Bankr.D.Me.1992) (quoting *In re Spencer*, 137 B.R. 506, 512 (Bankr.N.D.Okla. 1992)). (" 'Where conversion to Ch. 13 amounts to an attempt to escape debts rather than to repay them, the reason for the rule ceases—and there the rule ceases also.' ").

The Court agrees that the legislative history and the legislative intent behind § 706(a) do not support a blanket rule that would preclude the Court from denying a debtor's motion to convert to Chapter 13 in the event the Court finds that the conversion would further a substantial abuse of the bankruptcy process, or would enable the debtor to escape payment of his or her debts. The Court is further persuaded that the language of the statute itself refutes a finding that the right to convert is truly absolute. See *In re Marcakis*, 254 B.R. 77, 82 (Bankr.E.D.N.Y.2000) (comparing the statutory language used in § 1307(b) to effect a mandatory right to dismiss a Chapter 13 case with that used in § 706); *see also In re Hauswirth*, 242 B.R. 95 (Bankr.N.D.Ga.1999) (Murphy, J.).

 In the event an objection is filed to a debtor's motion to convert from Chapter 7 to Chapter 13, a bankruptcy court must have the discretion to deny the motion due to "extreme circumstances" or the ineligibility of a debtor for relief under Chapter 13. While the Court need not define exactly the type of extreme circumstance that would lead it to deny a motion to convert, the Court would consider evidence that a debtor is seeking to avoid payment of debts, rather than to make an honest effort to repay them. However, the Court is of the opinion that issues regarding the ultimate success of a Chapter 13 plan, such as feasibility, whether the plan has been filed in good faith, and whether the plan will satisfy the additional requirements for confirmation, should be resolved at a confirmation hearing rather than on a motion to convert. See *In re Krishnaya*, 263 B.R. 63 (Bankr.S.D.N.Y. 2001) ("In this Court's view, consideration of issues governed by Section 1325 of the Code is premature, and more appropriately postponed for determination by the chapter 13 Court once the case is in chapter 13, and/or a plan under chapter 13 has been proposed. Concerns as to success in this regard do not rise to the level of the exceptional circumstances required to deny a motion to convert.").

■ The facts of this case, as they have been presented up to this point, do not persuade the Court that the Debtor is trying to escape her obligations. The Court recognizes that the Debtor has waited for more than a year to make a decision to proceed in Chapter 13 and that this fact may have prejudiced her creditors in some regard. However, the Debtor has offered to voluntarily relinquish her Chapter 7 discharge in exchange for an opportunity to proceed under Chapter 13 and has also represented to the Court that she intends to file a Chapter 13 plan that would provide for a 100% dividend to her unsecured creditors. The Court will not consider at this time whether she has the means to do so, but finds this representation to be a further indication that the Debtor is not seeking to escape repayment of her debts by strategically converting her case to Chapter 13. *See, e.g., In re Dews,* 243 B.R. 337 (Bankr.S.D.Ohio 1999) (granting the debtor's motion to convert to Chapter 13, notwithstanding the fact that the debtors were "primarily motivated to save their home from administration by the Trustee").

B. *Does the Existence of a Chapter 7 Discharge Prohibit the Debtor from Proceeding under Chapter 13?*

■ The Court has reviewed the various opinions on the issue of whether a Chapter 7 discharge is a *per se* bar to a debtor's proceeding under Chapter 13, and has concluded that the most well reasoned and thorough opinion can be found in the case of *In re Mosby,* 244 B.R. 79 (Bankr. E.D.Va.2000). The *Mosby* case systematically addresses and refutes each of the various arguments made for prohibiting a discharged debtor from proceeding under Chapter 13. The court ultimately concluded that the "existence of an unvacated chapter 7 discharge does not constitute a bar to conversion or to confirmation of a

chapter 13 plan, provided the plan is proposed in good faith and otherwise meets the requirements for confirmation." *Id.* at 81; *see also In re Young,* 237 F.3d 1168 (10th Cir.2001) ("In short, it is our considered judgment that a so-called 'Chapter 20' conversion is both permissible under the Code and—given the requisite scrutiny by the bankruptcy courts—entirely proper."); *In re Pakuris,* 262 B.R. 330, 332 n. 1 (Bankr.E.D.Pa.2001) ("This Court agrees with the Fifth and Tenth Circuit Courts of Appeals and with *Mosby* and holds that the prior entry of a chapter 7 discharge should not, on its own, bar the debtor from converting a chapter 7 case under § 706(a)"); 6 COLLIER ON BANKRUPTCY ¶ 706.02[3] (15th ed. rev.2002) ("Indeed, a debtor may request conversion even after a chapter 7 discharge has been entered. Since the Code makes no provision for revocation of the discharge in that event, the discharge remains operative and the converted case may proceed on that basis.").

The *Mosby* case represents two separate cases in which the debtor filed a Chapter 7 petition and, after having received a discharge, moved to convert the case to Chapter 13. In both cases the debtors had little disposable income, but scheduled real property with substantial equity. The debtors had been advised by the Chapter 7 trustees of their intent to sell the real property. In both cases, objections were filed on the basis that the debtors could not proceed in Chapter 13 after having received a Chapter 7 discharge.

Therefore, the court had to determine "whether there is indeed anything in the language or structure of the Bankruptcy Code that actually prohibits a debtor from obtaining confirmation of a chapter 13 plan after having already received a chapter 7 discharge in the same case." *In re Mosby,* 244 B.R. at 83. The court began by noting

that "there is nothing in the Bankruptcy Code that expressly bars a conversion from chapter 7 to chapter 13 after a discharge has been granted"; "[n]or, for that matter, does any provision of the Bankruptcy Code in express terms require, as a condition of such conversion, that the chapter 7 discharge be vacated." *Id.* at 84.

The first argument addressed by the *Mosby* court as to why a discharged debtor could not proceed in Chapter 13 was that proposed by Judge Carol Kenner in *In re Jeffrey,* 176 B.R. 4, 6 (Bankr.D.Mass. 1994). *Id.* at 85. The *Jeffrey* court reasoned that:

> A chapter 7 case involves a *quid pro quo:* debtors receive a discharge and, exchange, make full disclosure about their financial affairs, especially their assets, and surrender their nonexempt assets to the trustee for liquidation and distribution among creditors. Having received a discharge, they cannot now ignore their obligation to surrender their assets for the benefit of creditors.

*In re Jeffrey,* 176 B.R. at 6.

However, the *Mosby* court recognized that many cases will be factually distinguishable from the *Jeffrey* case, and that, perhaps, the court's denial of the debtor's motion to convert stemmed more from the debtor's bad conduct than from the mere fact that the discharge had already been entered. In the *Jeffrey* case, the debtor had omitted a valuable cause of action from his schedules and had only moved to convert the case to Chapter 13 once the case had been reopened and the Chapter 7 trustee had been appointed to administer the asset. The *Jeffrey* court found that the conversion was not motivated by a desire to repay creditors, but was simply an attempt by the debtor to evade his obligations under Chapter 7, and held that the conversion was "an abuse of bankruptcy process." *Id.* at 85. The *Mosby* court

acknowledged that, in some cases, the facts will "strongly suggest an attempt to abuse the bankruptcy process," but determined that the court could deal with these cases on a case-by-case basis, either immediately or at the debtor's confirmation hearing, as the situation warranted. *Id.* at 86 (noting that the debtor would still have to meet the requirement of good faith, best interest of the creditors test, and liquidation test, and failure to do so would provide the court with statutory grounds for converting the case back to Chapter 7).

As discussed above, the Court will consider any evidence that a debtor is attempting to avoid payment of creditors when considering the debtor's motion to convert. Therefore, if the facts of a particular case suggest that a discharged debtor is seeking a conversion to Chapter 13, but has no intent to pay her debts through a Chapter 13 plan, the Court would deny the motion on those grounds, rather than solely on the basis that the debtor has already received a Chapter 7 discharge. Consequently, the Court agrees with the *Mosby* court that the fact that a debtor has waited until the entry of the discharge to convert the case is not, in itself, indicative of an intent to evade payment of debts.

The *Mosby* court also addressed the argument that a debtor may be able to use the post-discharge conversion as a means to avoid having the Chapter 7 discharge revoked. Since a motion to vacate discharge due to fraud, pursuant to § 727(d), must be brought within one year of the entry of the discharge, some courts have raised the concern that the debtor could "simply convert to chapter 13, run the clock out while making half-hearted efforts at confirmation, and then reconvert to chapter 7, knowing that the previously-granted discharge was beyond challenge." *Id.* at 86. The *Mosby* court largely disregarded this problem, noting that, if the

facts of a particular case suggested that the debtor was employing such a strategy, the court could cut off the debtor's further attempts to confirm a plan and immediately reconvert the case to Chapter 7. *Id.* Again, the Court finds this reasoning persuasive. The Court also agrees with this reasoning, and notes that, in the instant case, the one-year period for revoking the Debtor's discharge has already expired. Accordingly, there would be nothing for the Debtor to gain by attempting to "run the clock out."

Additionally, the *Mosby* court reviewed the argument that a post-discharge conversion "makes no sense because the purpose of chapter 13 is the repayment of debts, and issuance of the discharge effectively means there are no longer any debts to pay." In response to this argument, the court reasoned that "the effect of a discharge is to prohibit collection of the discharged debt 'as a personal liability of the debtor,'" but the discharge does not "affect the liability of any other person or entity for the debt." *Id.* at 87 (citations omitted). Specifically, the creditors' claims remain enforceable against the debtor's bankruptcy estate. *Id.* (citing *Board of Comm'rs of Shawnee Co., Kansas v. Hurley,* 169 F. 92, 94 (8th Cir.1909); *In re Groenleer–Vance Furniture Co.,* 23 F.Supp. 713, 715 (W.D.Mich.1938)). Reasoning that the bankruptcy estate comes into existence upon "the commencement of [the] case" and "[t]he conversion of a case does not change the date of the commencement of the case," the court concluded that "creditors with valid claims against the bankruptcy estate on the date the bankruptcy petition is filed do not lose them simply because the debtor is granted a discharge or the case is converted to another chapter." *Id.*

Finally, the court addressed the argument that a debtor cannot convert a Chapter 7 to a Chapter 13 after receiving a Chapter 7 discharge because only one discharge can be received in each case. *Id.* at 88. The court noted that if Congress had intended to prevent a debtor from receiving both a Chapter 7 and a Chapter 13 discharge in the same case, it could have included a statutory prohibition in either § 348, which details the effects of conversion from one chapter to another, or in § 1328, which provides the conditions for receiving a Chapter 13 discharge. However, no such language was included in any section of the Code. *Id.* Additionally, the court concluded that there is little harm or prejudice to creditors in allowing a discharged debtor to proceed in a Chapter 13 case because, even if the Chapter 7 discharge reduces the "debtor's incentive to complete plan payments," the debtor will not receive the second discharge unless and until all of the plan payments are made. *Id.*

The Court agrees that there is no sound reason to adopt a bright line rule that requires the vacation of a Chapter 7 discharge before allowing a conversion to Chapter 13. If it appears to the Court that a particular debtor is clearly attempting to use a post-discharge conversion to escape both the liquidation of his or her assets and payment of the debts out of future earnings, the Court can deny the conversion in the first instance upon a finding of "extreme circumstances." Similarly, the Court can deny confirmation and reconvert the case if it determines that the debtor is not seriously attempting to reorganize or is incapable of doing so.

 The Court also agrees with the *Mosby* court that creditor claims are not extinguished by the granting of a Chapter 7 discharge and can still be enforced against the property of the debtor's bankruptcy estate. *See* 11 U.S.C. § 102(2). Accordingly, the Court finds that there is no specific bar within the Code to prohibit creditors' claims from being paid through

a Chapter 13 plan, notwithstanding the fact that the debtor's personal liability for these claims has been extinguished.

██ Finally, the Court is not persuaded that the Code contains a *per se* prohibition against the receipt of two discharges in the same case. If the debtor fails to confirm a plan or to complete the plan payments, the second discharge will never be granted, and, presumably, the case will be reconverted to Chapter 7 to allow for the liquidation of the debtor's assets. In the event that the debtor completes the plan payments, the second discharge will discharge the same debts discharged by the first discharge and possibly additional debts that were not dischargeable in the Chapter 7 case. Therefore, the Chapter 13 discharge essentially renders the Chapter 7 discharge superfluous. While it is not generally the preference of this Court to consider its own orders to be meaningless, the Court does not see this as a concern that would justify a per se requirement that Chapter 7 discharges be vacated prior to a debtor's proceeding in a Chapter 13 case. On a practical note, if the Court routinely required the discharge to be vacated before the debtor were allowed to convert, the Court would then face the question of whether and how to reinstate the discharge in the event the debtor were unable to confirm a Chapter 13 plan and wished to reconvert the case to Chapter 7.[2]

The Court finds that, under these facts, the better policy is to allow the Debtor to convert her case to Chapter 13, file her proposed Chapter 13 plan, and attempt to have her plan confirmed. The Court can then consider any objections raised by the Chapter 13 Trustee, creditors, or any other parties in interest at a confirmation hearing. In this manner, the Court will allow the Debtor an opportunity to repay her creditors. However, the Court notes that the Debtor will not have an absolute right to dismiss her Chapter 13 case. *See* 11 U.S.C. § 1307(b). In the event the Debtor's proposed Chapter 13 plan cannot be confirmed or the Debtor fails to comply with the terms of her confirmed Chapter 13 plan, the Court will not hesitate to reconvert the Debtor's case to Chapter 7 to allow the Trustee to continue liquidating her assets.

Accordingly, the Debtor's Motion to Convert to Chapter 13 is hereby **GRANTED**, and the Chapter 7 Trustee's Motion to Sell is **DENIED** without prejudice, as it has been rendered moot by the conversion of the case to Chapter 13.

**IT IS SO ORDERED.**

---

**2.** Had the Court determined that a Chapter 7 discharge must be revoked or vacated to allow a debtor to proceed in a Chapter 13 case, the Court would have also been called upon to determine whether legal grounds exist to do so. Several courts have addressed the issue of whether a debtor has the standing to seek a revocation of the discharge under § 727(d) or whether a court can vacate a discharge order under Rule 60(b) of the Federal Rules of Civil Procedure, made applicable in bankruptcy proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure. *See, e.g., Markovich v. Samson,* 207 B.R. 909 (9th Cir. BAP 1997); *In re Haus-* *wirth,* 242 B.R. 95 (Bankr.N.D.Ga.1999) (Murphy, J.). While the Court need not reach a decision on this issue, the Court notes that, in this case, the Court could not have entertained a motion for reconsideration of the discharge order because Rule 60(b) requires the movant to seek relief within one year of the entry of the order and the discharge order was entered more than one year ago. *See* FED. R. CIV. P. 60(b). Furthermore, the Court would have had no discretion to extend the time period for filing a motion for reconsideration under Rule 9024 and Rule 60(b). *See* FED. R. BANKR. P. 9006(b)(2).