## In re Brian P. KRANDELL, Debtor.

## No. 01–18596PM.

United States Bankruptcy Court,
D. Maryland.

June 4, 2004.

Stephen K. Carper, Esq., Frederick, MD, for debtor.

Nancy S. Grigsby, Bowie, MD, Chapter 13 Trustee.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

Debtor filed a motion to convert this bankruptcy case under Chapter 13 to a case under Chapter 11. The case under Chapter 13 was filed on July 2, 2001. On December 5, 2001, this court passed an Order Confirming Debtor's Amended Chapter 13 Plan filed September 5, 2001. Because of inability to consummate the confirmed Plan, Debtor filed a Motion to Convert this case to a case under Chapter 11 on April 14, 2004. The matter came before the court for argument on May 25, 2004.

■ Conversions of cases from Chapter 13 are governed by 11 U.S.C. § 1307(d). That section of the Bankruptcy Code provides:

**11 U.S.C. § 1307. Conversion or dismissal**

> (d) Except as provided in subsection (e) of this section, at any time before the confirmation of a plan under section 1325 of this title, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 or 12 of this title.

This Code section is unambiguous. It states that conversion of a case under Chapter 13 to a case under Chapter 11, must be accomplished before confirmation of the Chapter 13 Plan. As the Supreme Court instructed in the case of *United States v. Ron Pair Enterprises, Inc.*:

> The task of resolving the dispute over the meaning of [a section of the Bankruptcy Code] begins where all such inquiries must begin: with the language of the statute itself. In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, "the sole function of the courts is to enforce it according to its terms." The language before us expresses Congress' intent . . .

489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (citations omitted).

■ The court has not been referred to authority to support a different interpretation of this statute. There is nothing in the legislative history that makes a case for post-confirmation conversion. The limited legislative history of the section states that "subsection (d) deals with the conversion of a chapter 13 case to one under chapter 11." S. REP. No. 989, 95th Cong., 2d Sess. 141 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5927. Indeed, the leading text on bankruptcy cases under Chapter 13 limits its comment on this issue to a single sentence. "At any time *before confirmation* of a Chapter 13 plan, on request of a 'party in interest or the United States Trustee,' the court *may* again convert a Chapter 13 case to a Chapter 11 case." Keith M. Lundin, *Chapter 13 Bankruptcy* § 321.1 (3d ed.2002). The author's italicization says all that can be said: conversion from Chapter 13 to Chapter 11 must be accomplished before confirmation of a Chapter 13 Plan, and the debtor does not have an absolute right to accomplish such a conversion at any time.

■ Allowing conversion after confirmation and ignoring the words "before the confirmation of a plan" violates a fundamental canon of statutory construction that "a legislature is presumed to use no superfluous words." *Platt v. Union Pacif-*

*ic R. Co.*, 99 U.S. 48, 58, 25 L.Ed. 424 (1878). *Platt* was cited with approval recently by the Fourth Circuit in *PSINet, Inc. v. Chapman*, 362 F.3d 227, 232 (C.A.4 2004). The court stated:

> General principles of statutory construction require a court to construe all parts to have meaning and to reject constructions that render a term redundant. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979) (where the Supreme Court explained that a court is "obliged to give effect, if possible, to every word"); *Platt v. Union Pacific R.R. Co.*, (1878) (if a construction renders a term redundant, that is a reason for rejecting that construction); *Virginia v. Browner*, 80 F.3d 869, 877 (C.A.4 1996) (a court should not "construe a statute in a manner that reduces some of its terms to mere surplusage"); *United States v. Snider*, 502 F.2d 645, 652 (C.A.4 1974) (all parts of a statute must be construed so that each part has meaning).

*Id.*

Were this court called upon to assist in fine tuning this section of the Bankruptcy Code, it would recommend that this provision be amended to permit post-confirmation conversion. No reasons of policy occur to the court why this should not be so. Good faith arguments can be made for the proposition that a bankruptcy court *ought* to have the discretion to permit the conversion of a Chapter 13 to a case under Chapter 11 after confirmation of a Chapter 13 plan. As has been said

> Although the need is likely to arise infrequently, it is not entirely clear why discretion ought not to be vested in the court to permit the conversion of a chapter 13 plan.

*8 Collier on Bankruptcy* ¶ 1305.05 (15th ed. rev.2004). This post-confirmation conversion does not present any opportunity for abuse of the bankruptcy system, unlike a conversion from a case under Chapter 7 to a case under Chapter 13 following the discharge of the debtor. *See,* David S. Kennedy and R. Spencer Cliff III, *Current Controversies Around a Debtor's Right to Convert a Chapter 7 Case to a Case under Chapter 11 or 13*, 12 J. BANKR. LAW AND PRACTICE 3 (2003); *In re Carter*, 285 B.R. 61 (Bankr.N.D.Ga.2002); *In re Mosby*, 244 B.R. 79, 86 (Bankr.E.D.Va.2000). But making laws is the business of Congress, and not the courts.

Because this is a case of novel impression, the court will give the Debtor **fourteen days** to submit an additional memorandum in support of his motion, should he desire to do so.